HARRISON FELL, Defendant in Error, v. THE RICH HILL COAL MINING COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 8, 1886.

1. NEGLIGENCE—MASTER AND SERVANT—APPLICATION OF DOCTRINE OF RESPONDEAT SUPERIOR—CASE ADJUDGED.—By section 6, of the act approved March 23, 1881 (Laws Mo. p. 167), the owner, agent or operator of every coal mine is required, under penalty, to provide a cage for lowering into and raising from the coal shaft the men engaged in digging the coal, provided with a spring catch to arrest the rapid descent of the car. By section 5, of said act, it is declared that the "term 'owner' used in the act shall mean the immediate proprietor, lessee or occupant of any coal mine, or any part thereof," etc. *Held,* that the object of the act was to extend the ordinary meaning of the term "owner," so as to make it, for the purpose in view apply to a party operating the mine under contract with the actual owner. But this will not acquit the actual owner who has engaged another to open his mine, reserving to himself the obligation and burden of furnishing the operating machinery, and to this extent the relation of master and servant exists between him and an employe of the person operating the mine under contract.

2. PRACTICE—THEORY AT THE TRIAL—CASE ADJUDGED.—Where it ap-

pears, as in this case, both from the evidence and the instructions asked and given by the court, that the case was tried throughout on the assumption of a particular state of facts ; it is the settled rule of practice in the supreme court of this state, that the party complaining must stand or fall by the theory on which he tried the case in the court below.

3. MASTER AND SERVANT—RULE GOVERNING THE RELATION.—"The relation of master and servant does not cease so long as the master reserves any control, or right of control over the method and manner of doing the work, or the agencies by which it is to be effected." Thompson on Negligence, 907, sec. 29.

4. PRACTICE—VERDICT FOR THE RIGHT PARTY—RULE CONCERNING. Where the verdict is for the right party, and could not have been otherwise, except through a disregard of the evidence by the jury, the verdict will not be disturbed although there may have been error committed at the trial touching some other matter not essential to a recovery.

5. CONTRIBUTORY NEGLIGENCE—MUST BE RAISED BY PLEADING AND INSTRUCTIONS—EXISTENCE OF IT A QUESTION OF FACT.—In order that a defendant avail himself of the defence of contributory negligence, it should be raised by the pleadings and presented to the jury by instructions. Whether there was such negligence, is upon the evidence, a question of fact for the jury, and when they have passed upon it, under proper instructions, this court will not disturb their finding.

6. DAMAGES—PHYSICAL AND MENTAL SUFFERING AN ELEMENT.—The *physical and mental* suffering and pain of the plaintiff, consequent upon the injury, are elements properly entering into the estimation of damages. *Randolph v. Ry.*, 18 Mo. App. 609 ; *Cook v. Ry.*, 19 Mo. App. 329.

ERROR to Bates Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.

This is an action to recover damages for personal injuries. The defendant is a corporation. The plaintiff was working as a miner in one of defendant's coal shafts. The petition alleges that the injury resulted from defendant's negligence in not furnishing and hav-

ing in charge of the engine, used in lowering into and hoisting from the coal pit the men employed in digging coal, a competent and careful engineer to operate said engine, and in failing to have the cage so used for letting the men down and bringing them up from the pit sufficiently covered with boiler iron, and in failing to have the drum to said cage sufficiently provided with brakes to prevent accident in case of giving away of machinery, and neglecting and failing to provide said cage with spring catches to prevent the consequence of the cable breaking or loosening, or disconnecting of machinery. The petition alleges that while the plaintiff was descending into the coal pit in said cage, through the incompetency and carelessness of defendant's engineer in managing the machinery, and the absence of said catch, the cage fell rapidly, greatly injuring the plaintiff, breaking his leg, dislocating his ankle, and otherwise wounding him. He prayed judgment for ten thousand dollars.

The answer was a general denial. At the trial, had before a jury, the plaintiff's evidence tended to show that one Jones was the regular engineer of defendant in charge of the engine employed in running the cage, and other machinery about the premises; that at the time of the accident, without plaintiff noticing who was in charge of the engine, the said engineer had absented himself from his post of duty, and placed in charge his fireman. That while descending in the cage it suddenly went very rapidly, carrying plaintiff to the bottom with such force that he was injured in the manner stated in the petition. The fireman in charge of the engine gave as a reason for the mishap that "he went to fire and steam stopped the engine." The evidence, without contradiction, showed that the cage was not provided with spring catches, and that such catches were for the purpose and so arranged that in case the cable broke, or machinery became disconnected or loosened, they clamped on sledges and stopped the cage. The evidence

was that had these catches so been on the cage they would have arrested the descent of the cage, and prevented the injury to plaintiff. The evidence further showed that defendant's superintendent had, previous to the time of the accident, been notified by the county inspector of coal mines of the absence of such catches and requested to put them on.

The defendant put in evidence a contract previously entered into between it and one McCombe, by which it was stipulated that said McCombe was to sink a shaft in this mine for coal, to dig and deliver to defendant so much coal per month, at an agreed price ; said McCombe was to furnish tools, labor and necessary materials and work in opening the shafts, entries,. drifts, etc., for using, operating and keeping said mine in repair. The defendant was to furnish an engine and all necessary apparatus and appliances for hoisting coal out of the shaft, and an engineer to operate the engine, and iron for tracks, all materials, such as shafting, timbering, ties, props, aprons, screens, caps, etc.; to erect a blacksmith shop and forge, and furnish the same. McCombe hired and paid the hands.

The jury returned a verdict for the plaintiff, assessing his damages at one thousand eight hundred dollars. Defendant has appealed.

DeArmond & Smith, for the plaintiff in error.

I. The court erred in allowing plaintiff to amend his petition at the trial.

II. Instruction numbered four, given of the court's own motion, is not the law, and is not based upon or warranted by the evidence. This refers to the question of ownership and the providing of safe machinery. *Gibson v. Ry. Co.*, 46 Mo. 168; *Harper v. Ry. Co.*, 47 Mo. 571; *Cousins v. Ry. Co.*, 66 Mo. 573; *Sherman v. Ry. Co.*, 72 Mo. 65 ; *Flynn v. Ry. Co.*, 78 Mo. 212 ; *State v. Wheeler*, 79 Mo. 336; *Heirn v. McCaughan*, 32 Miss. 17. It misconstrues the contract between McCombe and

defendant.   Lindley on Partnership [4 Ed.] 2-4 ; *Musser v. Brink*, 68 Mo. 242, and 80 Mo. 350 ; *Donnell v. Harshe*, 67 Mo. 170 ; Wood's Master and Servant [1 Ed.] sections 311, 215, 317 ; *Russell v. Columbia*, 74 Mo. 492 ; *Hilsdorf v. St. Louis*, 45 Mo. 98 ; *Fink v. Mo. Fur Co.*, 82 Mo. 281 ; 2 Thomp. Neg., sect. 21, p. 899 ; *Ardesco Oil Co. v. Gibson*, 63 Pa. St. 163 ; *Moore v. Sanborn*, 2 Mich. 519.   It erroneously predicates plaintiff's right of recovery upon his being "ignorant of such defects at the time" of the accident.   *Mathews v. Elevator Co.*, 59 Mo. 474 ; *Cagney v. Ry. Co.*, 69 Mo. 416 ; *Porter v. Ry. Co.*, 71 Mo. 66 ; *Flynn v. Ry. Co.*, 78 Mo. 204.   No definition is given of "willful" or of "direct damages." *Stewart v. Clinton*, 79 Mo. 603.

III.   The other instructions for plaintiff are abstractions, or concerning subjects on which there is no evidence.   Another instruction given for plaintiff makes *mental* pain and suffering an element of damages without its being pleaded.   Brown's Legal Maxims [7 Ed.] 654.

IV.   Defendant's instructions should have been given.

V.   The verdict is against the evidence, and weight of evidence, and is against the law, as declared.

VI.   The motion for a new trial should have been sustained.

M. L. BROWN and A. A. HARRIS, for the defendant in error.

I.   The court committed no error in allowing the amendment to the petition, at the trial, no demurrer thereto having previously been filed.   *Merrell v. St. Louis*, 83 Mo. 244; *Henderson v. Henderson*, 55 Mo. 534 ; sect. 3567, Rev. Stat.; *Ensworth v. Barton*, 67 Mo. 622 ; *Webber v. Hannibal*, 83 Mo. 262.

II.   The duty to furnish the safety appliances, and persons, being cast by express statute, plaintiff in error cannot escape liability by contracting out the work of

mining the coal. Wood's Master and Servant (1877) sect. 321 ; Thomp. Neg., sect. 21, p. 904; *Speed v. Ry. Co.*, 71 Mo. 303 ; *Reed v. Ry. Co.*, 60 Mo. 199 ; *Currier v. Lowell*, 16 Pick. (Mass.) 170 ; *Reynolds v. Hindman*, 32 Iowa 140 ; *Davis v. Ry. Co.*, 121 Mass. 134 ; *Ry. Co. v. Currier*, 19 Ohio St. 1 ; *Farnham v. Ry. Co.*, 55 Pa. St. 62 ; *Ry. Co. v. Werner*, 49 Miss. 725.

III.   The owner is liable to the party injured when the injury results directly from the acts which the *contractor* is authorized to do. Defendant is liable under the express terms of its contract with McCombe. *Ingersoll v. Ry. Co.*, 8 Allen (Mass.) 438 ; *Ry. Co. v. Woodby*, 85 Ill. 372 ; *Water Co. v. Ware*, 16 Wall. (U. S.) 566 ; Wood's Master and Servant (1877) sect. 316 ; Thomp. Neg., sect. 28, p. 906 ; Whar. Neg. 227.

IV.   Defendant had the employment and control of the engineer. If the engineer placed the fireman in charge of the engine, this was an act within the scope of his employment, and if any injury resulted by and from his negligence and incompetency, defendant is liable. Wood's Master and Servant, sect. 308 ; *Allhorf v. Wolfe*, 22 N. Y. 355 ; *Moore v. Ry. Co.*, 85 Mo. 588 ; *Wichtrecht v. Fassnatcht*, 17 La. Ann. 166. McCombe was not an independent contractor so as to hold defendant exempt. *Speed v. Ry. Co.*, 71 Mo. 903 ; Thomp. Neg., sect. 40, p. 913 ; *Whitney v. Clifford*, 46 Wis.; 8 Rep. 34 ; *Tiffin v. McCormack*, 34 Ohio St.; 9 Rep. 21. But even if plaintiff was an employe of the contractor, the engineer was the admitted employe of the defendant. The relation of fellow servant did not exist between said engineer and plaintiff, and under the authorities, defendant is liable. Thomp. Neg., sect. 41, p. 1040 ; *Speed v. Ry. Co.*, 71 Mo. 303 ; *Cayzer v. Taylor*, 10 Gray (Mass.) 274.

V.   Defendant had notice, through his superintendent, and its agent (McCombe), of the defective condition of the machinery, and it was not incumbent on plaintiff to notify them, or to quit work, if he had so known it.

*Conroy v. Vulcan Iron Works*, 62 Mo. 35; *Porter v. Ry. Co.*, 71 Mo. 66; *Coal Co. v. Taylor*, 81 Ill. 590. Operating the mine with defective appliances, and the unfit service was wilful negligence. *Coal Co. v. Taylor*, *supra; Braxton v. Ry. Co.*, 77 Mo. 458; *Walsh v. Trans. Co.*, 52 Mo. 534. Where the defective machinery may be used by exercise of reasonable care, the servant does not assume the risk. *Conroy v. Iron Works*, 62 Mo. 35; *Flynn v. Ry. Co.*, 78 Mo. 195; *Walsh v. Transp. Co.*, 52 Mo. 434.

VI. Mental suffering may be recovered, although it is not alleged. Thomp. Neg., sect. 5, p. 1250; *Wright v. Compton*, 53 Ind. 337; *Cook v. Ry. Co.*, 19 Mo. App. 329.

VII. The contract with McCombe is not a lease, and can have the effect only to put McCombe in charge as the person having the care and management of the mine on behalf of defendant. Martindale on Conveyances, 255; *Whitney v. Clifford, supra; City of Tiffin v. McCormack, supra.*

PHILIPS, P. J.—I. The principal contention of defendant, raised at this bar, is, that the relation of master and servant did not exist between defendant and plaintiff, and, therefore, the doctrine of *respondeat superior* does not apply. It is urged that McCombe was an independent contractor, under the mining company; that he hired, paid and controlled the men employed in the shaft, without any control or supervision on the part of defendant over this matter.

The conclusion drawn from this premise would follow but for another important fact in the record. The imputed negligence of defendant consists in two independent facts: the negligence of defendant in providing an unsafe cage for lowering into and raising from the coal shaft the men employed in digging the coal, and second, the incompetency and negligence of the person in charge of the engine at the time of the accident. As

to the first ground, there is scarcely any room to question the fact that had the cage been provided with the necessary spring catch the injury to plaintiff would not have occurred. Notwithstanding the competency or incompetency, the negligence or care of the engineer in lowering the cage, had it been provided with the spring catch the rapid descent of the car would have been arrested so as to have saved plaintiff from his misfortune. That this catch was absent at the time of the injury there is no dispute. The only practical question, therefore, for determination is, was it the duty of the defendant to have provided this safeguard?

By section six, of the act approved March 23, 1881 (Laws Mo., p. 167), the owner, agent or operator of every coal mine is required, under penalty, to provide such cage with such spring catch. Appellant, however, insists that both by the provisions of said act and the special contract between it and McCombe this duty was devolved upon McCombe. Section three of said act declares that: "The term 'owner' used in this act shall. mean the immediate proprietor, lessee or occupant of any coal mine, or any part thereof, and the term 'agent' shall mean any person having, on behalf of the owner, the care or management of any coal mine, or any part thereof."

The evident object of this provision, in carrying out the humane and protective object of the act, was to extend the ordinary meaning of the term "owner" so as to make it, for the purpose in view, apply to a party situated as was McCombe to this transaction, so far as the public was concerned. But it ought not, on well settled principle, to be so construed as to acquit the actual owner of the mine, who has engaged another to open his mine, reserving to himself the obligation and burden of furnishing and operating that part of the machinery which occasions the injury to the employe. This duty he owes to the public, and when he undertakes to so furnish and operate the machinery, which he knows will be used for a specific purpose in performing his part of the

contract with the contractor in opening and operating his mine, the law, in the absence of any such statutory requirement, would impose upon him the duty of providing reasonably safe machinery and appliances, and as to that the relation of master and servant existed between him and the plaintiff employed in mining in this shaft.

Waiving any question as to whether the plaintiff was bound by the unrecorded and undisclosed provisions of the private contract between defendant and McCombe, and also whether the contract admits of the construction, as contended for by defendant, that defendant was not to furnish the cage and operate it, it is sufficient to say, both from the evidence and the instructions asked by defendant, and given by the court, the case was tried throughout on the assumption that the cage was furnished by defendant and run by its engineer. This, no doubt, was the actual fact, and, therefore, no question was made of its existence at the trial. It is now the well settled rule of practice in the supreme court of this state that the party complaining must stand or fall by the theory on which he tried the case in the court below. *Davis v. Brown,* 67 Mo. 313; *Noble v. Blount,* 77 Mo. 241; *Walker v. Owens,* 79 Mo. 568; *Holmes v. Braidwood,* 82 Mo. 610–17.

As already stated, the defendant having reserved to, or taken upon, itself the duty of furnishing the cage and engineer to operate it, it was not only the owner of the mine to that extent, but the law affixes to it the relation of master toward the employe who, in the usual course of his employment, had to use such machinery. There is, in such case, no repugnance between the relation of the owner of the mine and the contractor that the relation of master and servant cannot exist between the former and the employe of the contractor. As to that part of the machinery, which the owner of the property is to furnish, the doctrine of *respondeat superior* must necessarily exist for the proper protection of the em-

ploye. *Detroit v. Corey*, 9 Mich. 165; *Sadler v. Hen-lock*, 4 El. & Bl. 570; *Hefferman v. Benkard*, 1 Robt. 436; *Griffiths v. Walfram*, 22 Minn. 185.

"The relation of master and servant does not cease so long as the master reserves any control, or right of control, over the method and manner of doing the work, *or the agencies by which it is to be effected.*" *Speed v. Ry. Co.*, 71 Mo. 308; Thompson on Negligence, p. 907, sect. 29.

In *Mulchy v. Relief Society* (6 Rep. 751), it is held that where a proprietor who engages with a contractor to paint his building, the proprietor to furnish the staging for such purpose, he must furnish a safe staging therefor; and if such staging break, injuring an employe, the proprietor must answer therefor, although the staging was built by an independent contractor.

The evidence in this case shows that defendant, through its superintendent, had its attention called to the absence of the spring catch. It does not appear at any time to have disclaimed its proprietorship of this machinery. Not until after the plaintiff had been injured through its disregard of this notice, and a jury had awarded the plaintiff damages therefor, and not until the case stood here on appeal, did it seem to occur to counsel that possibly defendant might escape responsibility by appealing to the language of the special contract between it and McCombe.

II. We shall not discuss the other branch of the imputed negligence as to the incompetency and negligence of the fireman left in charge by defendant's engineer. The verdict is amply sustained by the uncontradicted evidence on the other branch of the case. Where the verdict is for the right party, and could not have been otherwise, except through a disregard of the evidence by the jury, the verdict will not be disturbed, although there may have been error committed at the

Vol. xxiii—15

trial touching some other matter not essential to a recovery.

III.   It is also urged that plaintiff was guilty of contributory negligence.   The ground for this contention is that plaintiff knew, at the time of the injury, of the absence of the spring catch.   This rests upon the statement of plaintiff in his testimony that: "There was no catches on the cage ; had been before, but were taken off ; do not know how long had been off, but some time."

It would be sufficient to say that no such defence of contributory negligence was raised by the answer, nor was any such question presented to the jury by any instruction asked by defendant.   On the contrary, the instructions given by the court expressly required the jury to find that plaintiff was without fault contributing to his injury.   By their verdict the jury negatived the existence of such contributory negligence.

Whether or not the language of the witness implied that he knew of the absence of the catches prior to, or whether he was stating a fact which came to his knowledge after the accident, or whether, if he knew the catches were absent, he had sufficient knowledge of their importance to reasonably believe it dangerous for him to start down in the cage without such safeguard, were all questions of fact for the jury.   The defendant does not seem to have attached any importance to this matter, as it raised no such question by its instuctions.   The jury having passed on the matter, under the instructions given by the court, we cannot disturb their finding.

IV.   It is finally objected by defendant that the court erred in instructing the jury, that the physical and mental suffering and pain of plaintiff consequent upon the injury were elements to enter into the estimation of damages.   The objection is lodged against the word "mental" employed in the instruction.   We had occasion to consider this question in *Randolph v. Railroad* (18 Mo. App. 609), and in *Cook v. Railroad* (19 Mo. App. 329).   Adhering to the ruling in those cases we must

overrule the objection.   In the action of tort for personal injuries to an adult, mental suffering is so allied to and consequent upon physical pain that it seems to me to be quite impossible to separate them in practice.   So fixed is this union in the mind that an instruction which should direct a jury, in estimating the damages, to disassociate mental from physical pain and agony would be the very acme of carrying the most abstruse metaphysics of the schoolman into the practical deliberations of the jury room.

Such an instruction, as the one under consideration, was given in the case of *Loewer v. City of Sedalia*, without challenge by the supreme court, although the learned counsel for appellant pressed every conceivable meritorious point as ground for reversal.

The other judges concurring, the judgment of the circuit court is affirmed.