ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* TAYLOR.

Opinion delivered July 8, 1907.

DAMAGES—MENTAL SUFFERING.—Mental suffering alone, unaccompanied by physical injury or any other element of recoverable damages, can not be made the subject of an independent action against a carrier for damages, even where the act or violation of the duty complained of was wilfully committed.

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

### STATEMENT BY THE COURT.

This is an action instituted by W. L. Taylor against the St. Louis, Iron Mountain & Southern Railway Company to recover damages alleged to have been sustained by the plaintiff on account of the willful and wrongful act of a servant of the defendant. The facts relied on by the plaintiff to sustain a recovery are substantially as follows:

The plaintiff was a traveling salesman for a wholesale dry goods firm, and carried on his trip a number of sample trunks weighing in the aggregate more than the amount allowed free to passengers. He made a trip to Judsonia, Arkansas, a station on the line of defendant's railroad, in the course of his business, and when he was ready to depart from the town on defendant's train he got into a controversy with defendant's station agent at that place concerning the weighing and checking of his baggage. The agent at first refused to check the baggage because the time was short before the arrival of the train, and when the plaintiff threatened to report him he told plaintiff to "report and be damned," called him a "thief," a "dirty cur" and other vile names, and, after the plaintiff struck him with an umbrella, picked up a gun in a threatening attitude toward plaintiff. He made no attempt, however, to shoot, and the plaintiff sustained no physical injuries in the encounter. The agent afterwards checked the baggage, and the plaintiff departed with his baggage on the train he had intended to take.

The only kinds of injury set forth in the complaint, or which the testimony tends to show, are mental anguish and humiliation resulting from the insulting remarks made by the station agent.

The court gave the following, among other, instructions, over the objections of the defendant:

"If the jury believe from the evidence that the plaintiff went to the depot of defendant company for the purpose of taking passage on its train, and at the time he had a mileage ticket for his passage and an excess baggage ticket, and exhibited the same to the agent, Ford, then he was entitled to all the privileges

and protection of a passenger, and it was the duty of the defendant company, through its agent, Ford, to treat him civilly, politely; and if you believe from the testimony that when the plaintiff went to the depot, he had a mileage ticket and excess baggage ticket, and presented the same to the agent, and that he intended to take passage on the defendant's train, and the agent, Ford, treated him in an insulting manner by imputing to him dishonest conduct, and otherwise willfully, wantonly or maliciously insulted or assaulted him, then the plaintiff is entitled to recover, and in arriving at damages to which he is entitled, you should allow him a fair pecuniary compensation for such damages as were the direct consequence of the act complained of, for any mental excitement, anguish of mind, sense of shame and humiliation, if any, which he may have suffered by reason of the wrongful conduct of the agent, Ford."

The court also refused to instruct the jury, as requested by the defendant, that there could be no recovery for mental anguish, shame and humiliation resulting from the insults offered.

Plaintiff recovered judgment below for the sum of $4,500 damages, and the defendant appealed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. There is error in that part of the first instruction which permits the jury to consider an assault upon the appellee as an element of damage, whereas the proof shows that, although after he was struck by appellee he picked up a gun, he made no attempt to use it. Kirby's Digest, § 1583; 49 Ark. 179; 57 Am. St. Rep. 945; 53 *Id.* 354; 11 *Id.* 830.

2. The instruction is also erroneous because it allows the jury to consider, as an element of damages, mere mental pain and anguish unaccompanied by physical injury. 64 Ark. 538; 76 Ark. 348; 67 Ark. 123; 69 Ark. 402; 65 Ark. 177; 69 Ark. 85.

*J. W. & M. House,* for appellee.

The relation of passenger and carrier being established, the passenger is entitled to damages for mental anguish caused by insulting and abusive conduct of the carrier's agent towards the passenger, though unaccompanied by physical injury. 3 Mason, 245; Fed. Cas. No. 2575; 1 East, 106; 103 Ill. 549; 3 Cliff. 416;

106 Mass. 180; 6 Ind. App. 205; 80 Md. 23; 62 Me. 90; 62 N. J. L. 286; 4 Elliott, Railroads, § 1638; 90 N. Y. 588; 8 Bush (Ky.), 147; 85 Ky. 547; 36 Wis. 657; 133 N. Y. 261; 18 Ill. App. 620; 62 Fed. 440; 54 L. R. A. 752; 59 *Id.* 590; 12 *Id.* 339; 66 *Id.* 618; 46 *Id.* 549; 31 *Id.* 390; 69 Miss. 421; 102 Ga. 479.

McCULLOCH, J., (after stating the facts.)   Many questions are presented in the record for our consideration, but the controlling one, for the purpose of disposing of this case here, is whether or not the plaintiff is entitled, under the circumstances shown in the case, to recover damages for mental anguish and humiliation, unaccompanied by physical injury.   The evidence shows, sufficiently to warrant a finding, that the station agent of the railway company, while the plaintiff was in the station for the purpose of having his baggage checked preparatory to taking passage on the train, and while he was conferring with said agent concerning the checking of his baggage, willfully and without provocation insulted him by the use of profane, threatening and defamatory language.   We do not determine whether the plaintiff should be held, under the circumstances, to be a passenger in the sense that the railway company owed him the same duty of protection from willful acts of its servants that it owes to passengers on trains.   We prefer to dispose of the questions of the defendant's liability for the mental suffering and humiliation as elements of damages, disconnected from any physical injury, on the broader ground, treating the plaintiff, for the purpose of testing this question, as a passenger in the most complete sense.

The precise question involved has never been determined by this court.   In *St. Louis, I. M. & S. Ry. Co.* v. *Wilson*, 70 Ark. 136, the question was mentioned but expressly reserved for decision, the court saying: "It is certain there could be no recovery for mental anguish unaccompanied by personal injury, where there was no willful, wanton or malicious wrong done. Whether there could be recovery for mental suffering alone, we reserve for decision."

In *Peay* v. *Western Union Telegraph Co.*, 64 Ark. 658, the court held, with reference to the liability of a telegraph company for negligent failure to promptly transmit and deliver a message, that there could be no recovery for mental anguish independent

of and disconnected from a physical injury.   And in *Richardson* v. *Davis*, 76 Ark. 348, we held that there could be no recovery of damages by a female from an individual for mental anguish on account of an indecent proposal made to her.   The court said in the opinion that mental suffering and humiliation are not elements of damages, citing the Peay case.

In *Texarkana & Ft. Smith Railway Co.* v. *Anderson*, 67 Ark. 123, the court held that in an action by a passenger to recover damages for being wrongfully carried beyond her destination, where no physical injury resulted or other loss or injury except mental anxiety and suffering, there could be no recovery for the mental suffering.   In that case there were no facts or circumstances indicating malice or willfulness, and no insult offered to the plaintiff, but the mental suffering was claimed to have resulted from the anxiety on account of the delay in getting back to her destination, and in being compelled, during the period of the delay, to remain in the company of a crowd of partially intoxicated, boisterous and profane passengers.

So, we see that it has been decided by the court that a corporation is not liable for mental suffering, unaccompanied by physical injury, inflicted by the negligence of its servants in the performance of a contract, there being no element of willfulness in the commission of the negligent act complained of; and that an individual is not liable for the wrongful infliction of mental suffering, unaccompanied by physical injury, even where there is the element of willfulness in the commission of the act complained of.

It only remains, therefore, to decide whether a railway corporation is liable for such mental suffering and humiliation, unaccompanied by any physical injury, inflicted upon passengers by the wrongful act of one of its servants wilfully committed. The questions already decided by this court, as above stated are sought to be distinguished from the facts of this case on two points, viz: First, that the act complained of was committed by a servant of the railway company in violation of the contractual duty which the carrier owed to its passengers to afford them protection from either the negligent or wilfully wrongful acts of its servants; and second that the injury resulted from the willful act of the servant of the carrier.   We do not think

that the distinctions are sound. It is true that a carrier owes to
its passengers the absolute duty of protection against either the
negligence or willfulness of its servants. *St. Louis, I. M. & S.
Ry. Co.* v. *Dowgiallo,* 82 Ark. 289, and authorities cited.

But the carrier in such case can be required to respond only
in such damages as the law takes heed of as proper elements of
damages. If mental suffering and humiliation, unaccompanied
by any physical injury, are not accounted in law as elements of
damages in other cases, we see no reason why they should be
made so in testing the liability of a carrier for the wrongful acts
of its servants. While, as has been said, the carrier is liable to
the passenger for all proper damages resulting from negligent
or willful acts of its servants, yet mental suffering, independent
of physical injury, is not specially made an element of damages
applicable in that kind of case. It is not because the carrier is
not liable for the willful acts of its servants that it escapes
responsibility for such injury, but because the character of the
injury is not such as the law affords compensation for.

The reason that mental suffering, unaccompanied by physical
injury, is not considered as an element of recoverable damages
is that it is deemed to be too remote, uncertain and difficult of
ascertainment; and the reason that such suffering is allowed as
an element of damages, when accompanied by physical injury,
is that the two are so intimately connected that both must be
considered because of the difficulty in separating them. 4
Sutherland on Damages, § 1245; *Fell* v. *Rich Hill Coal Mining
Co.,* 23 Mo. App. 216; *Chapman* v. *Western Union Telegraph
Co.,* 88 Ga. 763; *Johnson* v. *Wells, Fargo & Co.,* 6 Nev. 224;
*Wyman* v. *Leavitt,* 71 Me. 227; *Ewing* v. *Pittsburg, etc., Ry. Co.,*
147 Pa. 40.

"So far as mental suffering originating in physical injury
is concerned," says Judge Lumpkin in the Georgia case cited
above, "it is rightly treated as undistinguishable from the phys-
ical pain. On ultimate analysis, all consciousness of pain is a
mental experience, and it is only by reference back to its source
that one kind is distinguished as mental and another as physical.
So, in case of physical injury, the mental suffering is taken into
view. But, according to good authorities, where it is distinct
and separate from the physical injury, it can not be considered."

"Mental anguish of itself, it is said, has never been treated as an independent ground of damages, so as to enable a person to maintain an action for that injury alone; neither has insult or contumely." Wood's Mayne on Damages, p. 75. And it was said in an English case many years ago that "mental pain and anxiety the law can not value, and does not pretend to redress, when the unlawful act complained of causes that alone." *Lynch* v. *Knight*, 9 H. L. 577. Mr. Sutherland says that "mental suffering alone, unconnected with any other legal wrong, will not, according to the great weight of authority, support an action; it is only when some act is done which will constitute a cause of action that such suffering can be considered. This is not a cause of action, but an aggravation of damages, when it naturally ensues from the act complained of." 4 Sutherland on Damages, § 1245.

The authorities are by no means harmonious on this question, and we confess that there are many cases holding contrary to the views we express. Most of them, however, are cases decided in States where the courts are fully committed to the doctrine of allowing recovery for mental suffering unaccompanied by physical injury. Some of the authorities, though holding to the contrary doctrine, are in States where the courts had previously refused to allow such an element of recovery in telegraph cases. These cases are found in the States of Georgia New York, and Missouri. *Cole* v. *Atlanta & West Point Ry. Co.*, 102 Ga. 474; *Gillespie* v. *Brooklyn Heights Ry. Co.*, 178 N. Y. 347; *Smith* v. *Atchison, T. & S. F. Ry. Co.*, 97 S. W. 1007. We are unable to hamonize the doctrine of these cases with the former holdings of the same court that there could be no recovery for such an element of damages against a public service corporation for a breach of its contracts; nor is the reasoning of the above-cited cases reconcilable with each other. We fail entirely to see how a distinction can be founded upon the mere fact that the injury results from the willful act of the servants of the corporation or from a willful breach of its contract.

If the infliction of mental suffering alone can be made the subject of an action to recover damages in any case, we can not see why such recovery should not be allowed, even though it is

inflicted by mere negligence, and not by a willful act. (As this court has already held in the Peay case that a negligent act resulting in mental suffering only can not be made the subject of an independent action for damages, we think that the only logical result of that holding is to say that such damages can not be recovered merely because there is an element of willfulness in the commission of the act complained of.)

When this court reached the conclusion in the one case that the corporation could not be required to respond in damages for mental anguish alone on account of the negligent act of its employees, and in the other case that an individual could not be made to respond in damages for mental suffering alone on account of a willful act, we think that it established a doctrine that necessarily precludes recovery in this case.   We prefer to adhere to the rule, as a sound one, that mental suffering alone, unaccompanied by physical injury or any other element of recoverable damages, can not be made the subject of an independent action for damages, even where the act or violation of duty complained of was wilfully committed; and that such suffering does not of itself constitute a cause of action, but is merely "an aggravation of damages when it naturally ensues from the act complained of."

There is no evidence tending to show that the plaintiff sustained any injury at all except mental anguish and sense of shame and humiliation on account of the insulting language used toward him by the station agent; but the instruction of the court permitted the jury to find a verdict in favor of the plaintiff based entirely upon those elements of damages resulting from the insulting language used as an independent grounds of action.

Wood, J., (dissenting.) The law writes in every contract made by a railway company with its passengers the obligation that it will not wilfully, wantonly or maliciously insult or wound the feelings of such passengers, but, on the contrary, that its employees will give its passengers at least respectful treatment and have due consideration for their comfort. *Fordyce* v. *Nix*, 58 Ark. 136; 3 Thompson on Neg. § § 3083, 3086; 2 Hutch. on Car. § § 1093-94. In *McGinnis* v. *Missouri Pac. Ry. Co.*, 21 Mo. App. 399, it is said: "Among those recognized rights of the passenger is, not only to be safely and promptly carried to his destination, but to

be treated by the servants and agents of the carrier with kindness, respect, courtesy and due consideration, and to be protected against insult, indignities, and abuse from both the agents and other passengers."

No such contract is made by a telegraph company with its patrons. No such contract is made between private individuals. Herein lies the clear distinction between the case at bar and the cases of *Peay* v. *Western Union Tel. Co.*, 64 Ark. 658, and *Richardson* v. *Davis*, 76 Ark. 348, cited by the court in the opinion of the majority. The common carrier of passengers contracts, by law, that its passengers shall not suffer insult by reason of the wilful, malicious or wanton conduct of its agents and servants. When the carrier violates this contract, it is liable in damages for its breach; else there is a legal wrong without any remedy whatever. The mental anguish in such case is the direct, approximate and only damage produced, and is as certain and easy of ascertainment, and more so, than in hundreds of cases where damages for mental suffering are allowed as concomitant with some physical injury.

We are utterly unable to appreciate the fine distinctions necessary to be made in order to allow damages for mental anguish in cases of breach of contract where there has been a physical injury, however slight, produced by the wilful and malicious act of the employee or carrier, and yet to deny them where there has been no physical injury, but where the only injury is mental suffering.

According to the rule announced, the weight of the finger laid on in anger, or any other frivolous assault, will let in all the damages for mental anguish, while if there is no such trivial physical injury, there can be no recovery for the mental agony, although that may be of the most intense, humiliating and crushing character.

I will not indulge a figment of the imagination or fiction of the law that will enable common carriers of passengers to violate the plain terms of their contract, and yet leave their passengers remediless. There is certainly no logic or common sense in such a rule. And in my opinion such is not the law.

The section relied upon, from Mr. Sutherland (1245) supports our contention. "Mental suffering alone, unaccompanied with any other legal wrong," etc. Here mental suffering was

accompanied with the other "legal wrong" of wilful and malicious insult and ill-treatment, which the terms of the contract insured the passenger against. Mental suffering was the natural direct and inseparable accompaniment of the wilful and malicious maltreatment. Practically all the authorities in this country are in favor of allowing damages for mental anguish in such cases. *Chamberlain* v. *Chandler,* 3 Mason, 245, 5 Fed. Cas. 2575; *Pendleton* v. *Kinsley,* 3 Cliff. 416; *Goddard* v. *Grand Trunk Ry. Co.* 57 Me. 202; *Mabry* v. *City Electric Ry. Co.,* 59 L. R. A. 590; *Lafitte* v. *New Orleans City & Lake R. Co.,* 12 L. R. A. 339; *Gillespie* v. *Brooklyn Heights R. Co.,* 178 N. Y. 347, 66 L. R. A. 618; *Knoxville Traction Co.* v. *Lane,* 46 L. R. A. 549; *Richburger* v. *American Express Co.,* 31 L. R. A. 390; *Louisville, N. & T. R. Co.* v. *Patterson,* 69 Miss. 421; *Birmingham Railway & Electric Co.* v. *Baird,* 54 L. R. A. 752 (in this case there was an assault, but the court recognized the principle we contend for in strong terms); *Cole* v. *Atlanta & West Point R. Co.,* 102 Ga. 479;* 4 Elliott, Railroads, § 1638; 3 Thompson on Neg., § 3288; Moore on Car., 625, 636; 2 Fetter, Car. of Pass., p. 1327, § 531; 3 Hutch. on Car., § 1427; 5 Am. & Eng. Enc. L. 550; 13 Cyc. 44, and cases cited in note.

In *St. Louis, I. M. & S. Ry. Co.* v. *Dowgiallo,* 82 Ark. 289, this court, through Judge McCulloch, in a case where there was an assault, distinctly recognized the principle for which we contend. He says: "It (the carrier) is the insurer of the safety of the passenger against wilful assaults and *intentional ill-treatment of its servants for whose acts it is responsible. St. Louis & S. F. R. Co.* v. *Kilpatrick,* 67 Ark. 47." Again: "A carrier is bound to discharge the implied duty, arising out of its contract and imposed by law, that its passengers shall be protected from injury by its servants, and *shall not be wilfully insulted and harmed by them;*" quoting Mr. Elliott, 4 vol., § 1638. In the present case the same learned justice says: "It is true that a carrier owes its passengers the absolute duty of protection against either the negligence or wilfulness of its servants. But the carrier in such case can be required to respond only in such damages as the law takes heed of as proper elements of damages."

I am unable to understand how a carrier can violate an absolute duty which it is bound to discharge, under its implied con-

*See *Wolfe* v. *Ga. Ry. & El. Co.,* 58 So. 899 (Rep.)

tract, and yet not be required for the breach of such contract to respond in damages. How else is it bound? What does its absolute duty avail the passenger, if he cannot recover when it is ignored?

I am of the opinion that the principle announced in *St. Louis, I. M. & S. Ry. Co.* v. *Dowgiallo, supra,* is sound whether there is a physical injury or not, and that the principle announced by the majority in this case is wholly inconsistent with that. The doctrine announced in the present case is unsound.

NOTE: Judge RIDDICK dissented from the opinion of the court, but died before this dissenting opinion was prepared.

Reversed and remanded.