CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* MOSS.

Opinion delivered February 1, 1909.

CARRIER—LIABILITY FOR MENTAL SUFFERING OF PASSENGER.—The rule that mental suffering may be an element of recovery when accompanied by physical injury or other element of recoverable damages does not permit a passenger to recover from a carrier for mental suffering on account of the insulting conduct of an employee of the carrier, though the passenger at the same time suffered actual loss by reason of his baggage being carried beyond his destination, there being no connection between the two elements of damages.

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; reversed in part.

*Buzbee & Hicks* and *Geo. B. Pugh,* for appellant.

Plaintiff is not entitled to recover for humiliation or mental suffering, there being no personal injury. 64 Ark. 538; 84 *Id.* 42; 44 *Id.* 439; 46 *Id.* 485; 74 *Id.* 358; 73 *Id.* 112; 1 H. & N. 408; 24 Am. Rep. 376; 52 Fed. 264; 52 S. E. 305; 76 Ark. 348.

*H. M. Woods,* for appellee; *Trice & Trice,* of counsel.

The Taylor case (84 Ark. 42) does not settle this. There was a recoverable element of damage in this case which entitled plaintiff to recover for mental suffering and humiliation. 5 A. & E. Enc. (2 Ed.) 550; *Ib.* 706-7; 81 Ark. 496; 6 Cyc. 602, note 602-3; 6 *Id.* note 6, 604; 13 *Id.* 43, note 26, p. 41; 65 Ark. 177; 67 *Id.* 177; 15 *Id.* 136; 2 Sedg. on Dam. § 859; 64 Ark. 658.

HILL, C. J. Moss was a traveling salesman. He bought a ticket at Forrest City to Howell, on the line of appellant railroad company, and had his baggage checked, on which he paid 350 pounds excess charges. He got off the train at his destination, and the train started to move on without unloading his baggage. He called the attention of the conductor to it, and the conductor replied to him in an impolite and insulting manner. He boarded the moving train and tried to get the conductor to stop it and put off his baggage. The conductor refused, and spoke to him again in an impolite and insulting manner; and he then jumped off the train. He was thus humiliated by the conduct of the conductor in the presence of numerous parties on the station platform. He brought suit for the actual loss which he sustained by his trunks being caried on, and for the humiliation and mental

suffering occasioned him by the conductor's conduct. He recovered a verdict for $5 for actual damage, and $700 for humiliation and injured feelings. The railroad company has appealed.

The appellant confesses that there is no reversible error in the judgment for the five dollars recovered for time lost. The company was unquestionably negligent in carrying his trunks beyond the proper station, and it was right for him to recover compensation for what he lost by reason of such negligence.

In regard to the mental suffering, it is sought to distinguish this case from *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 84 Ark. 42, in that there was an element of recoverable damage in this case, and there was none in the Taylor case. This statement in the Taylor case is relied upon: "We prefer to adhere to the rule, as a sound one, that mental suffering alone, unaccompanied by physical injury or *any other element of recoverable damages,* can not be made the subject of an independent action for damages, even where the act of violation of duty complained of was wilfully committed."

The "other element of recoverable damages" referred to in the excerpt of the opinion above quoted was clearly indicated in the preceding part of the opinion, wherein it was stated that damages for mental suffering may be recovered where there is a physical injury, because the two are so intimately connected that both must be considered on ccount of the difficulty in separating them. This is the foundation for permitting a recovery for mental suffering; and without this necessary connection between the physical injury and the mental suffering there can be no recovery for the mental suffering. There are many cases in the books where there is a constructive physical injury, such as duress, ejection from trains, etc., where there is no physical violence, but an actual restraint or coercion of the person. In such cases, and possibly others, it would not be sound to hold that, merely because the finger was not laid upon the lapel of the coat, there can be no recovery for the wrong done, including the mental suffering resulting from such duress or coerced ejection. In order not to exclude such cases, the clause which is made the basis for this suit was added; but it was not intended to permit any disconnected recoverable element to be used as a post to which to hitch mental suffering. In this case there is no con-

nection whatever between the recoverable element and the mental suffering; and the latter can not be sustained independently.

The judgment is affirmed for $5, actual damages, and reversed and dismissed as to the $700 for humiliation and mental suffering.