PIERCE *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY.

Opinion delivered April 11, 1910.

CARRIER—DAMAGES—MENTAL SUFFERING.—Mental suffering alone, unac-
companied by physical injury or any other element of recoverable
damages, cannot be made the subject of an independent action against
a carrier for damages, even where the act or the violation of duty
complained of was wilfully committed.

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge;
affirmed.

*Williamson & Williamson,* for appellant.

The relation of passenger and carrier being established, the
passenger is entitled to damages for mental suffering caused
by insulting and abusive conduct of the carrier's agent toward
the passenger. 3 Mason 245; Fed. Cas. No. 2575; 1 East 106;
103 Ill. 549; 3 Cliff. 416; 106 Mass. 189; 6 Ind. App. 205; 80
Md. 23; 62 Me. 90; 62 N. J. L. 286; 4 Ell. Rds. § 1638; 90
N. Y. 588; 8 Bush 147; 85 Ky. 547; 36 Wis 657; 133 N. Y.
261; 18 Ill. App. 620; 62 Fed. 440; 54 L. R. A. 572; 59 *Id.*
590; 12 *Id.* 339; 66 *Id.* 618; 46 *Id.* 549; 31 *Id.* 390; 69 Miss. 421;
102 Ga. 479; 12 S. W. 275; 15 S. W. 469; 30 S. W. 574; 178
N. Y. 349; 10 Am. & Eng. Ann. Cas. 476; 1 *Id.* 353; 13 *Id.* 399;
94 N. W. 922; 74 S. W. 576; 71 S. W. 535; 96 S. W. 102; 97
S. W. 1007; 39 S. W. 124; 69 S. W. 994; 63 S. W. 895.

*W. E. Hemingway, E. B. Kinsworthy, E. A. Bolton,* and
*Jas. H. Stevenson,* for appellee.

There can be no recovery against a railroad company for
mental anguish alone. 84 Ark. 42; 89 Ark. 187; 70 Ark. 136;
64 Ark. 538; 76 Ark. 348; 67 Ark. 123; 82 Ark. 289; 4 Suth.
Dam. 1245; 23 Mo. App. 216; 88 Ga. 763; 6 Nev. 224; 71 Me.
227; 147 Pa. 40.

HART, J. On the 30th day of August, 1908, M. V. Pierce
embarked on one of the passenger trains of the St. Louis, Iron
Mountain & Southern Railway Company at Warren, Ark., for
Monticello, Ark. When the train auditor came to him to take
up his ticket, Pierce informed him that he had reached the
station too late to purchase a ticket, and tendered his fare in
money. The auditor at first refused to receive it, and cursed

and abused Pierce in the presence of the other passengers, and threatened to eject him from the train. The conductor interfered, and the auditor then received his fare, and permitted him to go to his destination, but continued to curse and abuse him.

These facts were alleged by Pierce in a suit filed by him against the railway company to recover damages on account of the humiliation and mental suffering occasioned him by the auditor's conduct. The railway company demurred to the complaint. The demurrer was sustained, and the complaint was dismissed. Pierce has appealed to this court.

In the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Taylor,* 84 Ark. 42, the court held (quoting syllabus) : "Mental suffering alone, unaccompanied by physical injury or any other element of recoverable damages, cannot be made the subject of an independent action against a carrier for damages, even where the act or violation of the duty complained of was wilfully committed."

The rule was approved and applied in the case of *Chicago, Rock Island & Pacific Ry. Co.* v. *Moss,* 89 Ark. 187.

. Counsel for appellant recognize the rule announced in these cases, but ask us to overrule it, as being against the weight of authority and the better reasoning on the subject.

The authorities bearing on the question were thoroughly considered and reviewed in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Taylor, supra,* and no useful purpose can be served by again discussing the question. It is sufficient to say that the conclusion was reached in that case after a careful and deliberate consideration of the question, and no additional arguments are advanced for overruling these cases.

The judgment is therefore affirmed.