ROGERS *v.* WILLIARD.

Opinion delivered June 28, 1920.

1. TORTS—LIABILITY OF WILFUL WRONGDOER.—In the case of a wilful tort the wrongdoer is responsible for the direct and proximate consequences of his act, without regard to his intention to produce the particular injury.

2. DAMAGES—PHYSICAL PAIN FROM FRIGHT.—While there can be no recovery for bodily pain and suffering resulting from fright caused by an unintentionally negligent act if the fright is not accompanied by bodily injury, such damages may be recovered where fright was caused by a wilful wrong, though no bodily injury accompanied the fright.

3. DAMAGES—COMPLAINT MISCARRIAGE ALLEGING CAUSED BY FRIGHT.—A complaint which alleged that defendant wilfully and wantonly engaged in a quarrel with another and flourished a pistol, threatening to shoot the other in plaintiff's presence, when he knew her to be in an advanced stage of pregnancy, thereby frightening plaintiff and causing her to faint and to suffer a miscarriage, *held* to state a cause of action.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; reversed.

STATEMENT OF FACTS.

U. S. Rogers and Edna Rogers brought suit against C. S. Williard to recover damages because of the miscarriage of Edna Rogers as the result of the alleged negli-

gence and wrongful acts of the defendant. Their complaint alleges a state of facts substantially as follows:

During the year 1919, U. S. Rogers and Edna Rogers lived on the farm of Edwin McDole and cultivated a part of it as his tenants. C. S. Williard lived on an adjoining farm. On the 22d day of April, 1919, Edna Rogers was about eight months advanced in pregnancy, and her condition was known to the defendant, Williard. On that day Williard unlawfully entered on the premises occupied by U. S. and Edna Rogers, and wilfully and wantonly engaged in a quarrel with Edwin McDole. While in the presence of Edna Rogers and while knowing her condition, Williard wilfully and wantonly and maliciously challenged Edwin McDole to fight and drew and flourished a pistol threatening to shoot McDole. On account of the fright produced by his actions Edna Rogers received such a shock as to cause her to faint and to bring on a threatened miscarriage. She was attended by her physician for a week and suffered mental and physical pain constantly. At the end of the week she gave premature birth to a child, and said child had died in her womb prior to its delivery. Her mental and physical suffering was caused by the wilful, wanton and malicious conduct of Williard by drawing and flourishing his pistol and threatening to fight McDole while a trespasser on the premises and in the presence of Edna Rogers.

The court sustained a demurrer to the complaint and the plaintiffs declined to plead further. Their complaint was dismissed, and from the judgment rendered the plaintiffs have duly prosecuted an appeal to this court.

*A. A. McDonald,* for appellant.

While this court has held that mere fright unattended by personal injury or other elements of damage will not warrant a recovery. 67 Ark. 23; 84 *Id.* 42; 94 *Id.* 489. Yet the right to recover for bodily pain and suffering resulting from fright caused by a wilful wrong is clearly established in this State. See 66 S. W. 661; 94 Ark. 489; Am. Ann. Cases 1913 E, p. 500; 97 Am. St. 509; 45 L. R.

A. 87; 42 Am. Rep. 388; 97 Am. St. 509; 70 Ark. 136; 66 S. W. 661; 94 Ark. 489; 127 S. W. 707. See also 48 N. Y. App. Div. 572; 12 A. & E. Ann. Cases 745.

*Jas. Seaborn Holt,* for appellee.

The court properly sustained the demurrer to the complaint. No recovery can be had for damages for bodily pain and suffering resulting from fright unaccomcompanied by physical injury or bodily impact. 69 Ark. 402; 45 So. 675; 15 S. E. 901; 51 N. E. 657; 47 *Id.* 694; 76 *Id.* 792; 85 N. W. 618; 112 S. W. 600; 147 *Id.* 742; 47 N. E. 88; 81 N. W. 335; 9 So. 823; 49 Atl. 450; 45 N. E. 354; 5 S. C. 134; 85 N. E. 499; 23 Atl. 340; 61 *Id.* 1022; 73 *Id.* 4; 25 S. W. 419; 84 Ark. 42; 69 *Id.* 402; 118 *Id.* 153; 8 R. C. L., § 80, p. 525; 151 Pac. 591; 150 Pac. 1926; 148 *Id.* 100; 238 Fed. 14; 12 A. & E. Ann. Cas. 742. Unless this court desires to reverse its former rulings, it should affirm the ruling of the court below.

HART, J. (after stating the facts). The right to recover damages for bodily pain and suffering resulting from fright without actual physical violence has been the subject of frequent adjudications by the courts of last resort of the various States, and the decisions are conflicting and to a great extent confusing.

In the case of the *St. L., I. M. & S. Ry. Co.* v. *Bragg,* 69 Ark. 402, this court held that damages could not be recovered at law for mental pain and anguish unaccompanied by physical injury and caused by unintentional negligence. The court said that where the law allows no recovery for the mental anguish or fright it would seem logically to follow that no recovery could be had for the consequences or results of the fright since such consequences merely show the degree of the fright and the extent of the damages. To sustain the decision, the court cites the cases of *Mitchell* v. *Rochester Railway Co.,* 151 N. Y. 107, 34 L. R. A. 781, and *Spade* v. *Lynn & Boston Rd. Co.,* 168 Mass. 285, 38 L. R. A. 512.

In discussing the first mentioned case in the subsequent case of *Preiser* v. *Wielandt,* 62 N. Y. Supp. 890, the court said that the doctrine there stated applies only to actions based on negligence, and not to cases of wilful tort. The court said that the rule does not include wanton wrong, nor apply to the acts of a trespasser. There the court had under consideration the case of a wilful and violent trespass upon the plaintiff's house. The court said, that the defendants knew the condition of the plaintiff's wife and the risk to her which was involved in their contemplated act. The court further said that if the death of the plaintiff's wife could be clearly and directly traced to the wilful trespass of the defendants, as a natural and necessary consequence which they might or should have reasonably anticipated, the defendants would be liable, even though there was no actual blow struck by them.

The decision in *Mitchell* v. *Rochester Railway Co., supra,* was followed in *Spade* v. *Lynn & Boston Rd. Co., supra,* and the Supreme Court of Massachusetts held that there could be no recovery for bodily injury caused by fright and mental disturbance in a case of unintentional negligence on the part of the defendant. The reason for the rule given was that it would be unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright, and that this would open a wide door for unjust claims, which could not successfully be met. Continuing, the court said:

"It is hardly necessary to add that this decision does not reach those classes of action where an intention to cause mental distress or to hurt the feelings is shown, or is reasonably to be inferred, as, for example, in cases of seduction, slander, malicious prosecution, or arrest, and some others. Nor do we include cases of acts done with gross carelessness or recklessness, showing utter indifference to such consequences, when they must have been in the actor's mind. *Lombard* v. *Lennox,* and *Fillebrown* v. *Hoar,* already cited; *Meagher* v. *Driscoll,* 99

Mass. 281, 96 Am. Dec. 759. In the present case no such considerations entered into the rulings, or were presented by the facts."

In *Drum* v. *Miller* (N. C.), 65 L. R. A. 890, 102 Am. St. Rep. 528, the court distinguishing negligence from wilful torts said:

"In the case of wilful or intentional wrongdoing, we have an act intended to do harm, and harm done by it, and the inference of liability from such an act may seem a plain matter under the general rule of liability, and, assuming that no just cause of exception to it is present, 'it is clear law that the wrongdoer is liable to make good the consequences, and it is likewise obvious to common sense that he ought to be. He went about to do harm, and, having begun an act of wrongful mischief, he can not stop the risk at his pleasure, nor confine it to the precise objects he laid out, but must abide it fully and to the end.' The principle is commonly expressed in the maxim that a man is presumed to intend the natural consequences of his acts."

It will be observed that in the case of a wilful tort the wrongdoer is responsible for the direct and proximate consequences of his act, without regard to his intention to produce the particular injury. *May* v. *Western Union Tel. Co.* (N. C.), 37 L. R. A. (N. S.) 912, and *Meagher* v. *Driscoll* (Mass.), 96 Am. Dec. 759. Many other cases sustaining the right to recover for bodily pain and suffering resulting from fright which is caused by wilful wrongdoing may be found in 12 A. & E. Ann. Cas. at p. 744. In his introductory to the case note at page 741 of the same volume, the annotator said:

"In passing upon the question whether damages may be recovered for physical pain and suffering resulting from fright without actual violence, the decisions distinguish between fright caused by a negligent act and fright caused by a wilful wrong. Though the decisions practically agree as to the right to recover when the fright is due to a wilful wrong, there is a difference of

opinion as to the right to recover when the fright is due to negligence merely.''

In the case of *Watson* v. *Dilts* (Iowa), 57 L. R. A. 559, 93 Am. St. Rep. 239, the court had under consideration a case where the defendant in the night time wilfully invaded the home of the plaintiff and her husband and held that it was a question for the jury to say, under the circumstances, whether the prostration resulting from the fright so called was not the proximate or probable result of the defendant's act. The court said:

''Proximate cause is probable cause; and the proximate consequence of a given act or omission, as distinguished from a remote consequence, is one which succeeds naturally in the ordinary course of things, and which, therefore, ought to have been anticipated by the wrongdoer.'' 1 Thompson on Negligence, 156. It is within the common observation of all that fright may, and usually does, affect the nervous system, which is a distinctive part of the physical system, and controls the health to a very great extent, and that an entirely sound body is never found with a diseased nervous organization; consequently, one who voluntarily caused a diseased condition of the latter must anticipate the consequences which follow it. The nerves being, as a matter of fact, a part of the physical system, if they are affected by fright to such an extent as to cause physical pain, it seems to us that the injury resulting therefrom is the direct result of the act producing the fright.''

But it is claimed that this rule is contrary to the principles decided in *St. L., I. M. & S. Ry. Co.* v. *Taylor*, 84 Ark. 42. In that case the court held that mental suffering alone, unaccompanied by physical or other evidence of recoverable damages, can not be made the subject of an independent action against a carrier for damages, even where the act or violation of the duty complained of was wilfully committed. There the court did not have under consideration a case where the mental disturbance produced bodily injury, and that case has no

application to the facts in the present record. This is shown by the subsequent case of *C., R. I. & P. Ry. Co.* v. *Moss,* 89 Ark. 187. In that case the court recognized that where there was a connection between the recoverable element and the mental suffering the damages might be recovered for the mental suffering and the bodily injury which resulted therefrom.

Again in the case of *Pierce* v. *St. L., I. M. & So. Ry. Co.,* 94 Ark. 489, the rule laid down in the Taylor and Moss cases was reaffirmed. In none of these cases was the Bragg case referred to, and it is evident that the court did not intend to overrule the case of the *St. L., I. M. & S. Ry. Co.* v. *Bragg,* 69 Ark. 402.

From the views expressed in that case and the cases cited in support of it, while it is held that there can be no recovery for bodily pain resulting from fright caused by an unintentional negligent act where the fright is not accompanied by bodily injury, still it is inferable from that case and cases cited in the decision that the right to recover for bodily pain and suffering resulting from fright which is caused by a wilful wrong may be regarded as established in this State.

Therefore, under the allegations of the complaint, the court erred in sustaining the demurrer, and for that error the judgment must be reversed and the cause remanded for a new trial.