## LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO. v. J. F. PATTERSON.

1. RAILROADS.    *Ticket.    Right of passenger to seat.*

Unless a sudden and unusual influx of passengers renders it impracticable, the conductor of a passenger-train must provide a seat for a ticket-holder in the car in which his ticket entitles him to ride; and, to do this, must, if necessary, limit passengers to single seats.

2. SAME.    *Refusal to provide seat.    Damages.*

If the conductor, without sufficient excuse, refuses the demand of a ticket-holder to be provided with a seat, and accompanies the refusal with insulting remarks, the railroad company will be liable therefor in tort.

FROM the circuit court of Claiborne county.

HON. J. D. GILLAND, Judge.

Patterson, the appellee, sued the Louisville, New Orleans & Texas Railway Company in the justice court to recover $150 damages for an alleged wanton refusal by its conductor to provide him with a seat in a passenger-coach.    Defendant's passenger-train, leaving Vicksburg, consisted of three coaches for passengers, the foremost being the smoker; the next, that set apart for colored passengers; and the rear coach being for white passengers holding first-class tickets.    Plaintiff, a white man, having such a ticket, entered the rear coach and sought a seat, but found all the seats occupied, and was told by the conductor that he could not get a seat in that coach.    None of the seats were vacant, but some of the passengers were asleep and reclining on the seats so that in some places two seats were occupied by a single passenger, and one or two seats were filled with valises.    Plaintiff insisted on being furnished with a seat, but the conductor declined to provide a seat or to arouse any of the sleeping passengers, but directed plaintiff to go forward into the next coach.    He did so, but, being found there by the conductor, was required to leave that

car, because it was, pursuant to law, set apart for colored passengers. Plaintiff then went forward into the smoking-car, but became nauseated by the smoke, and returned to the rear coach and renewed his demand on the conductor for a seat, and threatened to sue the company if a seat was not provided. The conductor replied angrily that he could not get a seat; that he "could sue and be d—d." Thereupon, plaintiff went out upon the platform, and remained there until a station was reached, when he disembarked. The foregoing facts were controverted by the conductor.

Suit having been brought, judgment by default against the defendant was rendered in the justice's court, and on appeal to the circuit court, the evidence being as above set out, a verdict was rendered for plaintiff for $75. Judgment accordingly, and, after motion for new trial overruled, defendant appeals.

*Mayes & Harris*, for appellant.

If, without fault of the company, the best seats on its train happened to be occupied when plaintiff entered, the temporary inconvenience afforded no ground of action against the company. By ordinary effort, he could himself have obtained a seat.

*T. D. Marshall*, for appellee.

Plaintiff, under his contract, was entitled to a seat, and could even refuse to surrender his ticket until one was provided. 2 Rorer on Railroads, 968; *I. C. R. R. Co.* v. *Able*, 59 Ill., 131; 45 Ark., 368; 45 Am. Rep., 558; Lawson's R., R. & P., 1890; 76 N. Y., 402; 32 Am. Rep., 325.

The passenger is not bound to provide himself with a seat. 32 Barb., 399; 34 N. Y., 670; 53 Mo., 317; 85 Tenn., 627. Plaintiff was entitled to be protected from insult. *Thompson* v. *Railroad Co.*, 50 Miss., 315; *Railroad Co.* v. *Burke*, 53 *Ib.*, 200.

WOODS, J., delivered the opinion of the court.

The appellee paid for a seat in a first-class coach, and was entitled, as matter of right, to have the servants of the railway company who were in charge of the train furnish him such seat, unless a sudden and unusual influx of passengers rendered this impracticable. It is perfectly clear from all the evidence in this case that the conductor in charge of the train could and should have made provision for seating the appellee. It is equally certain that a proper application of the appellee to that effect provoked not only a refusal from the conductor, but subjected the audacious passenger to an explosion of profane and contemptuous wrath from that official.

That a jury awarded the trivial sum complained of is proof positive that no undue prejudice existed against the corporation. Let the company thank God and take courage.

<em>Affirmed.</em>