ANDERSON *v.* GULF & S. I. R. Co.[*]

(Division A.    June 6, 1927.)

[113 So. 188.    No. 26387.]

CARRIERS. *Railroad company held not liable to white passenger, who, on account of unexpected large crowd, could get seat only in car for colored passengers (Hemingway's Code, sections 1085, 6687).*

Though Hemingway's Code, section 6687 (Code 1906, section 4059), requires railroad company to provide equal and separate accommodations for white and colored races, and the conductor to assign each passenger to the car or compartment used for such passenger's race, and section 1085 (section 1351) makes it an offense for a conductor to fail to so assign a passenger, a com-

pany is required to provide only for ordinary demands, and so, where there is an extraordinary number of white passengers of which the company had had no notice, more than enough to fill all the seats of the car for white passengers, such a passenger thereafter boarding the train and taking a seat in the car for colored passengers, on being told there were no seats elsewhere, cannot recover of the carrier on the ground of being forced to ride there.

---

*Corpus Juris-Cyc References: Carriers, 10CJ, p. 807, n. 90, 92, 93 New. As to liability of railroad company for placing white passenger in car provided for colored persons, see annotation in 2 L. R. A. (N. S.) 1108; 41 L. R. A. (N. S.) 958; L. R. A. 1916E, 280; 4 R. C. L. 1079; 1 R. C. L. Supp. 1273; 4 R. C. L. Supp. 306.

APPEAL from circuit court of Jones county, First district.

HON. R. S. HALL, Judge.

Action by Clennie Anderson against the Gulf & Ship Island Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Currie & Currie,* for appellant.

Section 4059, Code of 1906 (section 6687, Hemingway's Code) imposing upon the railroad company the duty to provide equal but separate accommodations for the white and colored races governs here. Section 1351, Code of 1906 (section 1085, Hemingway's Code) provides a penalty for the violation of the above section.

The testimony here establishes the fact beyond question that the railroad company, appellee herein, violated every feature of this statute. In support of our theory, see *A. & V. R. R. Co.* v. *Morris,* 60 So. 11; *So. R. R. Co.* v. *Norton,* 73 So. 1.

The court erred in granting the peremptory instruction for the appellee.

*T. J. Wills,* for appellee.

The declaration seeks to recover because of the failure of defendant railroad company to comply with section

4095, Code of 1906, (section 6687, Hemingway's Code), requiring that equal but separate accommodations be provided for the different races. There is no dispute but that the railroad company furnished separate accommodations for the races. The facts in the case show that because of this unusual number of passengers presenting themselves for carriage without notice to the railroad of the fact that a convention was being held in Laurel, the accommodations for the white passengers were inadequate to provide for their comfort and seating in the equipment furnished for the accommodation of white passengers. These white ladies took passage in the colored coach by choice. The conductor permitted them to ride therein upon their request. There was no violation of the statute requiring equal but separate accommodation for the races.

*A. & V. R. R. Co.* v. *Morris,* 60 So. 11, and *So. R. R. Co.* v. *Norton,* 73 So. 1, cited and relied upon by appellant are not applicable in this case. In both of these cases the railroad company had failed to provide separate accommodations for the races. If there was any disregard of the statute, that disregard was made in favor of and for the benefit of the white passengers so that they might receive the accommodations and comfort that otherwise would not have been available to them.

SMITH, C. J., deliverd the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery for damages alleged to have been sustained by her, because of having been forced to ride in a car with colored persons while a passenger on one of the appellee's trains.

The appellee owns and operates a railroad line with a branch thereof running from Saratoga to Laurel, Miss. It operates each day a passenger train from Mendenhall, on its main line, via Saratoga, and thence over its branch line to Laurel. This train is composed of two cars or

coaches. The rear car is used for white passengers; and the front car is divided by a partition into two compartments, the front of which is used for baggage and mail, the rear for colored passengers. The rear coach will seat fifty-two passengers, which is more than the number of passengers usually carried on this train. On the occasion in question, when the train arrived at Saratoga, it found awaiting it about sixty-five women on their way to attend a convention of the Woman's Missionary Union of the Baptist Church, to be held at Laurel, Miss. The appellee had not been notified and had no reason to anticipate that this unusual number of white passengers would then desire to be carried on the train. The rear car could not seat all of these women, so, at their request, those who could not find seats in that car were permitted by the conductor to ride in the car reserved for colored passengers. When the train arrived at Mize, a station on the branch line, the appellant, a white woman boarded the train with a ticket entitling her to be carried thereon to Laurel. She was informed by either the conductor or brakeman that she would have to ride in the front car, as the rear car, which she knew was set apart for white passengers, was filled. She was given a seat in the front car, in which there were several white women and two or three negroes. She accepted this seat and made no objection to remaining in that car. The court below directed the jury to return a verdict for the appellee, and from a judgment in accordance therewith the appellant has brought the case to this court.

Section 4059, Code of 1906 (Hemingway's Code, section 6687), provides:

"Every railroad carrying passengers in this state shall provide equal but separate accommodations for the white and colored races by providing two or more passenger cars for each passenger train, or by dividing the passenger cars by a partition to secure separate accommodations; and the conductor of such passenger train shall have power, and is required, to assign each passenger to

the car, or the compartment of a car, used for the race to which such passenger belongs.''

The train on which the appellant was a passenger contained the mimimum number of cars with separate accommodation for the white and colored races required by the statute; consequently, the appellee did not violate the statute unless, under the circumstances, it should have provided a larger number of cars. The statute must be construed in the light of the rule of common law, which requires a railroad company to provide its trains with the number of cars reasonably sufficient to accommodate as many persons as in the exercise of reasonable care it should anticipate would demand to be carried thereon. To express it differently, a railroad company ''is not bound under all circumstances to furnish a sufficient number of cars to accommodate all with seats who may apply for transportation, as unforeseen emergencies may often arise where the performance of such duty would involve an impossibility; it is required to furnish only suitable seating accommodations for the ordinary amount of travel, or for an extraordinary number on reasonable notice.'' 10 C. J. 807; *Louisville, N. O. & T. R. Co.* v. *Patterson,* 69 Miss. 421, 13 So. 697, 22 L. R. A. 259. Construed in the light of this rule of common law, a railroad is only required to provide its trains with a sufficient number of cars for the equal and separate accommodation of the number of white passengers and the number of colored passengers ordinarily demanding to be carried thereon, and is not required to provide for unseen emergencies, such as an unusual influx of passengers of either race. 10 C. J. 807, note 2.

The appellant had the right to decline to ride in the car for the colored race; and the permission given her to ride therein by the appellee's employee was a favor, rather than an injury, to her. It is true that section 1351, Code of 1906 (Hemingway's Code, section 1085), makes it a misdemeanor for a railroad passenger conductor to ''fail to assign each passenger to the car or the

compartment of the car used for the race to which the passenger belongs,'' but the violation of this statute by the appellee's conductor on the occasion in question can avail the appellant nothing. She was under no obligation to obey the instruction given her, if such there was, by the conductor to ride in the colored coach. Consequently, she herself participated in whatever violation of the statute the conductor may have committed.

<em>Affirmed.</em>