## MABRY v. KETTERING.

Opinion delivered October 25, 1909.

1. APPEAL AND ERROR—DETERMINATION OF MOOT QUESTION.—The court
   will not determine whether one accused of crime is entitled to an in-
   junction to prevent another from developing certain plates into photo-

graphs where it appears that the plates have already been developed and photographs been printed from them.  (Page 83.)

2.  INJUNCTION—USE OF PHOTOGRAPH OF ACCUSED.—A complaint in equity which asks that defendants, officers charged with the enforcement of the criminal laws, be restrained from developing and publishing photographs of plaintiffs, who are accused of crime, alleging that the photographs were taken by the defendants for the avowed purpose of developing said plates into photographs, as these plaintiffs believe and allege, for the purpose of having said photographs placed in what is known as the "Rogues' Gallery," without stating what the "Rogues' Gallery" consists of, fails to state a cause of action.  (Page 84.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Bradshaw, Rhoton & Helm,* for appellants.

There is a right in equity to protect a person from an invasion of private rights.  Chancery courts have jurisdiction to protect the rights of privacy and private rights.  1 L. R. A. (N. S.) 1147; 4 Duer 379; 39 L. R. A. 240; 59 *Id.* 478; 6 Pom. Eq., § 632; 1 Beach, Inj., § 50; 40 N. Y. St. 289; 31 L. R. A. 286; 40 Ch. Div. 345; 1 McN. & G. 25; 51 N. Y. 300; 19 N. Y. Sup. 583; 64 Fed. 280; 31 L. R. A. 283, 286, 291; 50 S. W. 933; 37 L. R. A. 783; 82 N. Y. Sup. 248; 154 Ind. 599; 121 Mich. 372. See 89 Ark. 551; 2 A. & E. Am. Cas. 561.

*Wm. G. Whipple* and *Powell Clayton,* for appellees.

1.  Public officers may use photographs for the purpose of identifying criminals.  89 Ark. 551; 117 S. W. 746; 24 App. D. C. 417; 154 Ind. 599; 57 N. E. 541; 73 Atl. 653.

2.  No right of privacy is recognized by the law, where no property rights are involved.  67 Ark. 123; 64 *Id.* 538; 33 *Id.* 350; 64 *Id.* 538-545; 171 N. Y. 538; 59 L. R. A. 478-481; 22 A. & E. Enc. L. (2 Ed.) 77; 121 Mich. 372; 46 L. R. A. 220-223; 82 N. Y. Sup. 248; 57 Fed. 435; 31 L. R. A. 282; 122 Ga. 190; 73 Ark. 97; 57 Fed. 435; High on Inj. (4 Ed.), § 20 b, p. 34; 124 U. S. 200, 210; Kerr on Inj. (2 Ed.), 1, 2.

2.  Conceding that the publication of the photographs *might be* a libel, chancery courts have no jurisdiction to enjoin such publication.  6 Pom. Eq., § 629, p. 1055; Kerr on Inj. (2 Ed.) 1, 2; 1 Beach on Inj., p. 73; Odgers on Libel & Slander, § 13; Newell on Slander & Libel (2 Ed.), p. 246 a; 118 U. S. 385;

128 Fed. 957; 22 Cyc. 900; 6 Pom. Eq. Jur., § 629; Kerr on Inj. (2 Ed.), 2, and many other cases.

McCULLOCH, C. J.    Mabry and others instituted this suit in chancery against Kettering and others, praying for an injunction restraining the latter from developing plates of the photographs of the plaintiffs, who were then confined in jail under criminal charges, and from "publishing or uttering, or causing to be uttered or published, said photographs or any photographs of these plaintiffs." The question involved is fully set forth in the opinion of this court delivered on the motion to dissolve the temporary injuction. *Mabry* v. *Kettering,* 89 Ark. 551.

A demurrer was sustained by the chancellor to the complaint, and the plaintiffs have appealed to this court.

In our former opinion we said that "the complaint, when it comes to be considered by this court on final hearing of the cause, will present an interesting question concerning what is now termed by modern authorities the right of privacy, or the right of an individual to invoke the jurisdiction of a chancery court to restrain an improper use of his photograph without his consent." We were probably too hasty in stating that this question would arise on the final hearing of the case here, for on further consideration we do not find it necessary to a decision of this case for us to go into the question referred to.

The plaintiffs only asked that the defendants be restrained from developing the plates and from publishing or using the photographs. Now, they admit in their brief that this has been done. So the case only presents a moot question, so far as the rights of the parties are concerned. Moreover, the plaintiffs allege in their complaint that they are confined in jail on a criminal charge; and, as we held in the former opinion that the officers had a right to use the photographs for the purpose of identification, the prayer of the complaint asked for too much in asking that they be restrained from using the plates altogether. The complaint does not point out specifically any improper use to be made of the photographs. Therefore, the defendants having the right to use them for a legitimate purpose, and having already done so, the plaintiffs have no right to restrain them without showing specifically that the photographs are to be used improperly.

. It is true that it is alleged in the complaint that the photographs were taken by the defendants "for the avowed purpose of developing said plates into photographs, as these plaintiffs believe and allege, for the purpose of having said photographs placed in what is known as the Rogues' Gallery;" but they fail to state what the Rogues' Gallery consists of, and we cannot take judicial cognizance thereof. For aught we know to the contrary, it may be some legitimate method of identification of criminals or those charged with crime; and we have held that the photographs of accused persons may be used for such purpose.

We conclude, therefore, that the plaintiffs are entitled to no relief on the showing made, and the decree is therefore affirmed.