Eugene Pitts v. The State.

No. 692.   Decided October 19, 1910.

Rehearing Denied December 21, 1910.

**1.—Burglary—Evidence—Impeachment.**

Upon trial of burglary, where defendant attempted to impeach and contradict a State's witness, there was no error in permitting the State to show that the said State's witness made substantially the same statement before the grand jury, touching the matter in controversy, as he made on the trial as a witness. Following Harville v. State, 54 Texas Crim, Rep., 426, and other cases.

**2.—Same—Charge of Court—Accomplice.**

Where, upon trial of burglary, the court submitted a correct charge on accomplice testimony which was not subject to the objection that it did not define an accomplice or that it was an abstract instruction, there was no error. Following Campbell v. State, 57 Texas Crim. Rep., 301.

**3.—Same—Evidence—Tracks—Constitutional Law—Bill of Rights—Arrest.**

Upon trial of burglary there was no error in introducing testimony as to comparison of tracks found near the scene of the burglary, and that the officer compelled defendant to place his foot by and in these tracks to make comparisons. Such testimony is not against the Bill of Rights guaranteeing that the accused shall not be compelled to give evidence against himself. Following Walker v. State, 7 Texas Crim. App., 245, and other cases.

**4.—Same—Newly Discovered Evidence.**

Where the motion for new trial showed that the alleged newly discovered testimony was wholly immaterial, there was no error in overruling same.

**5.—Same—Evidence—Other Transactions.**

Upon trial of burglary there was no error in ruling out testimony concerning another burglary which had no connection or relation to the pending case.

**6.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of burglary, the evidence sustained the same, it will not be reversed.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*B. E. Moore,* for appellant.—On question of the insufficiency of the evidence: Powell v. State, 15 Texas Crim. App., 441.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant Eugene Pitts and one Miles Grogan were charged by indictment filed in the District Court of Jefferson County on the 9th day of March of this year with the offense of burglary. They were brought to trial upon the 10th day of March thereafter, which resulted in a conviction of both of them, the punishment of appellant Pitts being assessed at confinement in the penitentiary for a period of five years, and the punishment of Grogan being assessed (the jury having found him to be under sixteen years of age) at confinement in the reformatory for a period of two years.

Grogan did not appeal his case, and the sole question before us is whether the conviction of Pitts, who prosecutes the appeal, should be reversed. Grogan testifies in considerable detail to a state of facts which makes both himself and Pitts guilty of burglary. There is in the record, we think, sufficient evidence of corroboration.

1. Complaint is made that the court erred in permitting the wit-

ness Grogan to testify that when arrested and when he testified before the grand jury, he made substantially the same statement touching the matter in controversy as he made on the trial of the case here as a witness. The same objection was made to the testimony of Wilson, who testified as to statements made by Grogan to him. These bills are approved with the following qualification: "This occurred after the defendant's counsel had attempted to impeach and contradict the witness Miles Grogan." The explanation of the court is quite general, and the facts and circumstances of impeachment and the extent and nature of same are not given. The statement is sufficient, however, to warrant the conclusion that there had been such impeachment of the witness as would justify the admission of this supporting testimony. This rule is well established in this State. Harville v. State, 54 Texas Crim. Rep., 426. In the very recent case of Cabrera v. State, 56 Texas Crim. Rep., 141, it is said: "Where upon trial for murder the State witness' testimony was attacked by the defense testimony to show that he had made a statement contradictory to that made on the trial, it was not error to permit the State to show that said witness had made the same statement before the trial."

2. The charge of the court on the subject of accomplice is complained of. The complaint of the charge touching this matter is in this language: "The court erred in its charge as to accomplice testimony; it is only in the abstract and does not fully present the law as was raised from the testimony and does not define the meaning of an accomplice as the evidence raised." The charge complained of is in this language: "I instruct you that the witness Miles Grogan is an accomplice; now, you can not convict the defendant, Eugene Pitts, upon his testimony alone unless you first believe that his testimony is true and connects the defendant, Eugene Pitts, with the offense charged, and then you can not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged." This charge is not subject to the objection that it does not define an accomplice, since the jury are instructed as a matter of law that the witness Miles Grogan was an accomplice. Neither can it be said in fairness that the charge of the court is merely an abstract instruction. In what respects it is supposed or believed that the instruction does not fully present the law, the motion does not advise us. While not framed in precise accordance with the precedents approved by this court—Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583—we think that it is not subject to the objection here made.

3. Objection was made that after the witnesses Dan Richard, Mrs. Richard, and Dan Wilson had testified on their direct examination that the larger of the tracks found near the premises entered on the

day of the burglary corresponded with and fit the track of appellant, and that he had placed his foot by one track and also had placed his foot in another track, it developed on cross-examination of all these witnesses that at the time these tracks were made by appellant which formed the basis of comparison, that he was under arrest and subject to the control of Wilson, the deputy sheriff, who made him place his foot by the track and also made him put his foot in the track; thereupon it was moved by appellant to have the testimony stricken out for that it conclusively appeared that in placing his foot by and in the track he was under arrest and was made to do so; that he did not voluntarily do so, and the same was not his free and voluntary act or deed, which motion the court overruled. Practically the identical question here raised was decided against appellant in the well considered case of Walker v. State, 7 Texas Crim. App., 245. In that case, which was a capital felony, the prosecution proved that footprints were found on the premises where the assassination had been perpetrated, and was further allowed, over objection by the defense, to prove that the examining magistrate compelled the defendant Walker to make his footprints in an ash heap, and that the footprints so made corresponded with those found on the premises where the homicide was committed. It was there objected, and the question was ably argued and fully considered by the court, that the evidence was incompetent because violative of the guaranty in the Bill of Rights that "one accused of crime shall not be compelled to give evidence against himself." It was held on a review of the authorities that the objection was not well taken, nor the evidence within the inhibition of the Bill of Rights. This case has been approved in the cases of Meyers v. State, 14 Texas Crim. App., 35, and Bruce v. State, 31 Texas Crim. Rep., 590, and undoubtedly the case announces the correct rule.

4. Among other grounds contained in the motion for new trial was a claim of newly discovered testimony. We have carefully examined the testimony of the witnesses which was taken under the direction of the court and incorporated in the statement of facts. We do not believe it is of such gravity or importance as would have required the court to grant a new trial, or as would justify us in reversing the judgment on the failure of the court below so to do. If the testimony of Grogan, who voluntarily acknowledged his own guilt, and who as a consequence is now serving the term of punishment adjudged against him by law, is to be believed, appellant is guilty. Nor does any error appear in the record for which we think the decree of the law should be set aside.

The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

December 21, 1910.

RAMSEY, JUDGE.—The motion for rehearing in this case challenges substantially all the grounds on which the judgment of affirmance was rested.

1. It is urged that the court is in error in upholding the action of the trial court in reference to the admission of the testimony of Miles Grogan to the effect, in substance, that he had before the grand jury given the same testimony which he gave on the trial and had in substance made the same statements to the witness Wilson. As stated in the opinion, the trial court in approving this bill of exceptions did so with the statement that this evidence was admitted after appellant's counsel had attempted to impeach and contradict the wit-. ness Grogan. It is well settled that where one accepts a bill of exceptions with a statement and qualification such as this that he is bound by same. It is also well settled by all the authorities that a statement in the bill of exceptions will control and is binding on this court, though same may conflict with the statement of facts. It is likewise well settled that a bill of exceptions must be so complete in itself as that it will be unnecessary to look to the statement of facts, or other parts of the record in aid of the bill. An inspection of the record in this case shows that the witness Grogan was a young lad and that by a rigid cross-examination by question, suggestion and innuendo, appellant sought to show that his testimony connecting the appellant with the offense charged was a fabrication and that he had been put up to or advised by someone else to lay the offense on appellant. It can not be doubted that this was a most effective way of attacking the witness, and it was only after this attack had been made at considerable length that the State was permitted on cross-examination to prove by the witness that he had made the same statements to the grand jury and to Wilson and Ballard that he had made on the witness stand. An examination of the testimony of Wilson and Ballard shows that they merely state that Grogan had told them about the burglary, or made a statement about it, but neither the details or purport of this statement appears in the record. Testing the matter by the bill of exceptions, there can be no serious contention, we think that there was error in the action of the court.

2. The newly discovered testimony on which a new trial was sought was to the effect, in substance, that appellant could prove by Lee Anderson Grogan that Miles Grogan was his nephew and that he came to his house on the day of the burglary before the witness had eaten dinner, but a little after twelve o'clock, noon, and before one o'clock in the afternoon of that day. It was proposed to be proved by the witness Adams that about twelve o'clock, noon, and not later than fifteen minutes after twelve o'clock on the day of the burglary he saw Miles Grogan and a large negro on the Santa Fe

railroad track about 400 yards north of the crossing on said railroad on the Concord public road, and about 600 yards north of said Richardson house, both of them going north on the railroad; that he did not know them then, but after the parties were indicted he went to the jail, and that Grogan was one of the persons he saw, and the other was a negro man of ordinary size, who would wear about a No. 8 shoe, but was not the appellant Pitts, with whom he was well acquainted; that said negroes acted suspiciously and that for that reason he examined the tracks made by them on said railroad, and a few minutes before he saw them he found in the edge of a dense thicket about fifty yards from where he first saw them some underclothing and a pair of overalls, which, when found, were wet with perspiration; that the clothing found would about fit said Grogan. This is the substance of the newly discovered testimony. All the testimony shows that the burglary was committed between ten and two o'clock. Grogan, in his testimony, says that he does not know what time it was, but he knows it was before twelve o'clock of that day. So it is clear that the testimony of Lee Anderson Grogan would be wholly immaterial. Again, it is not evident that the testimony of the other witness would in any sense be relevant.

3. There was an effort made on the trial to prove by one Hope the commission of a burglary some two days before the one with which appellant here stands charged, in which certain articles were taken and traced to the possession of Miles Grogan. This related to a wholly different matter and had no relation to the pending case. It is not an attempt where an indictment had been found on a prosecution against Grogan by which it was sought to impeach him. There was no view of the case in which the testimony would be relevant.

We have carefully reread the statement of facts and can not agree with counsel that there is no evidence in the record of corroboration. The witnesses testified that they examined the premises soon after the burglary and found two tracks around and near the house; that one of these was made by a No. 8 or No. 9 shoe, and that the right shoe had a torn place on the side running down near the sole, and that the right-hand track corresponded exactly with the imprint of the track made by appellant and this foot fitted into the track so made on the ground as testified to by them. So that from whatever angle or view we look at the case, we feel and hold that we would be without any justification or excuse in setting aside the verdict of the jury and the action of the trial court, who, with the knowledge of all the facts and who was on the ground, has given such verdict his approval.

The motion is, therefore, overruled.

*Overruled.*

McCord, Judge, absent.