LYONS *v.* SMITH.

Opinion delivered March 19, 1928.

1. DAMAGES—MENTAL SUFFERING.—Where defendant trespassed upon plaintiff's property and prevented her from having her land put into cultivation by intimidation and threats of violence, an instruction permitting recovery for plaintiff's humiliation and mental suffering was not erroneous, as the rule excluding recovery for mental suffering unaccompanied by physical injury was inapplicable.

2. TRIAL—INSTRUCTION NOT APPLICABLE TO EVIDENCE.—Where, in a suit for damages by reason of defendant's trespass on plaintiff's property and interference with the cultivation thereof, the evidence showed only threats of violence, refusal of defendant's requested instruction that the jury must have found that actions of violence prevented cultivation of the land, *held* proper.

Appeal from Marion Circuit Court; *J. F. Koone,* Judge; affirmed.

*J. H. Black,* for appellant.

McHANEY, J. Appellee had been in the peaceable possession for 35 or 40 years of a certain plot of ground in Rush, Arkansas, containing about three-fourths of an acre, on which she lived, and which she cultivated for garden and truck purposes. In the spring of 1926 she employed one John Melton to plow her land so that she could plant same for garden and other purposes for such year. When said Melton appeared with team and plow for this purpose, appellant, who is the president of the Morning Star Mining Company, came upon the property and forbade Melton from plowing the lands, and by threats and intimidation, in the presence of appellee, prevented him from doing such work, claiming that the Morning Star Mining Company was the owner of such land. An argument then occurred between appellant and appellee regarding the title to the land, in which appellant did some ugly talking. According to the testimony of appellee, which is not disputed, appellant became angry and conducted himself in such a manner as to shock and hurt appellee's feelings, causing her to cry and to become sick on account of the worry and trouble over this matter; that appellant also prevented any one else from

plowing up said land for her. According to Mrs. John Melton, who was present and heard the conversation, appellant used some rough language to appellee, acted angry, and appeared vindictive. The proof further showed that the usable value of the land was $100, and that it would cost approximately $25 to grow the crop. No evidence was offered on behalf of appellant.

Appellee brought this action against the Morning Star Mining Company and appellant, to recover actual and punitive damages, but, at the conclusion of the testimony, the court instructed a verdict for the Morning Star Mining Company, and submitted the case to the jury as to appellant. There was a verdict and judgment for appellee for $75 actual damages, and $25 punitive damages.

Error is assigned on account of instruction No. 1 given by the court. It is as follows: "The court instructs the jury that, if you find for the plaintiff, you will assess her damages in any sum not to exceed $100, as you may believe from the evidence will compensate her for being wrongfully deprived of the use of her land for the year 1926, and if you find for the plaintiff, and further find that plaintiff was caused to suffer insult, annoyance, humiliation, oppression, aggravation, mental suffering, by the willful, malicious, vindictive or wrongful acts of James K. Lyons, at times when said Lyons was ordering the employee or employees off or from her premises, who had gone there to work for plaintiff, or by fear, frightening or threatening prevented other parties from working for plaintiff on her lands, or that defendant acted with oppressive or vindictive spirit and manner in presence, about and toward the plaintiff, then you have a right to give the plaintiff exemplary damages in addition to compensatory damages, in any sum which you may believe proper, not exceeding $300, as shown from the evidence you may believe will be commensurate with the wrongs done to plaintiff."

It is said that this instruction is erroneous for the reason that mental suffering, annoyance, fear, intimida-

tion, etc., unaccompanied by physical injury, will not sustain a cause of action for damages, and the cases of *C. R. I. & P. Ry. Co.* v. *Moss,* 89 Ark. 187, 116 S. W. 92, and *St. L. I. M. & S. R. Co.* v. *Taylor,* 84 Ark. 42, 104 S. W. 551, 13 L. R. A. (N. S.) 159, are cited in support of this contention. These cases are authority to the effect that mental anguish or mental suffering cannot be made the basis of an action against a railroad company, in the absence of physical injury accompanying same. Many other cases may be found in the reports to the same effect, but these cases are not controlling here, and have no application to the facts in this case. Here the appellant, by the undisputed evidence, committed a willful and wanton wrong against appellee, trespassing upon her property and preventing her from having her land put into cultivation by intimidation and threats of violence. By such acts he caused her to lose the productive value of such land, which the jury has found to be $75. This loss she sustained directly from appellant's tortious acts. By its verdict the jury has also found that his acts were willful and malicious, and has penalized him therefor in the sum of $25. Having suffered this actual loss, we think the court correctly instructed the jury in this regard.

It is next insisted that the court erred in refusing to give appellant's requested instruction No. 1, to the effect that, before they could find for the plaintiff against appellant, they must find that appellant, through acts of violence, prevented the plaintiff from cultivating the lands in question. This instruction was properly refused, as there was no evidence of violence in the case, only threats and putting in fear of violence.

We find no error, and the judgment is affirmed.