## OWENSBY v. MORRIS et al.

### No. 12923.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 18, 1935.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellees.

BROWN, Justice.

Appellant, as plaintiff, brought suit in the district court against appellees, Dick Morris, chief of police of the city of Wichita Falls, and the said city, alleging that he is a law-abiding citizen of Wichita county and a taxpayer and had neither violated any law nor was charged with any such conduct; that he visited the office of appellee chief of police and inquired of him if the said officer would file criminal charges against him, in the event he should be found shooting dice and gambling, during the celebration had in Wichita Falls, known as the "Golden Jubilee"; that the said officer cursed him and told him that he (the officer) had taken an oath to enforce all the laws; that appellant told the said officer he was only seeking information and did not know that he did not have the right to seek such information from the chief of police; that he asked for such information to keep out of trouble; that appellant started to leave and the chief of police detained him; turned him over to a city employee whose duty it was to take fingerprints, photographs, and descriptions of persons at the request of the chief of police; that appellant entered his protest to such undertaking, and when this fact was conveyed to the chief of police, such officer told appellant that he always took fingerprints and photographs of "G——d d——n common gamblers"; and, cursing the appellant, told him "if you don't stand for this, we are going to lock you up and you can't tell what else will happen to you"; that he then permitted the fingerprinting and photographing to be done under protest; that the photographs and records thus made were taken for the purpose of distributing same throughout the United States and placed in what is commonly known as the "Rogues'

Gallery." That appellant had committed no crime and no criminal charge was lodged against him, and all this was well known to the chief of police; that the said officer acted with malice, and "was guilty of intentionally, wrongfully, unlawfully, wilfully and maliciously mistreating this plaintiff and was by his conduct publicly branding this plaintiff as a common criminal," submitting him to the shame and disgrace of being fingerprinted and photographed for the purpose of criminal identification; and that the said officer "is guilty of libel slander, knowing that the uttering, the publishing and the circulating" of the records was false and untrue. He prayed for actual and exemplary damages, and for an injunction restraining the defendants from using or circulating the records made by them, and requiring them to deliver such records up to plaintiff. The recovery against the city was pitched upon the theory that it has acquiesced in the acts of its chief of police, of which complaint is made.

The officer answered that he was acting in good faith and in his official capacity and considered it his duty under the circumstances, to hold the plaintiff for investigation and to investigate him, and that he caused plaintiff's fingerprints and photograph to be taken. He pleaded certain city ordinances, among them one authorizing him to arrest any person under circumstances which reasonably show that such person is about to commit some offense. The city answered that the chief of police was acting in his official capacity and in the lawful exercise of his duties; that the city has never ratified nor acquiesced in any unlawful act or conduct of the chief of police; that the records made were proper and legal records in the private file of the police department of the city; that the city cannot be held because the chief of police was engaged at the time complained of in the police department of the city and exercising a governmental function.

The case was tried to a jury and four special issues given:

No. 1. "Did the defendant, Dick Morris, have reasonable grounds to believe at the time he arrested him that the plaintiff, Owensby was about to engage in gambling during the celebration in Wichita Falls?" To which the jury answered: "Yes."

No. 2. "Was the defendant actuated by malice when he ordered the arrest and fingerprinting of the plaintiff?" To which the jury answered: "No."

The remaining two issues covered actual and exemplary damages and were not an-

swered, because of proper instructions as to the answers found to the first two issues.

The court gave a peremptory instruction for the city of Wichita Falls.

The court rendered judgment that the appellant take nothing as against both defendants, and he has appealed.

■ The first assignment of error complains of the trial court's ruling in admitting certain parts of an ordinance in effect in the city of Wichita Falls, and appellant points out in his brief the pages of the statement of facts wherein the error is shown. An inspection of the record shows that appellant objected to the ordinance, and when explanation was made that only the portions pleaded would be offered, appellant's counsel said: "If that is so I withdraw my objection." Furthermore, no exception to the ruling of the court appears in the record.

■ The second assignment of error complains that the trial court did not limit the admission of the parts of the ordinance to the purposes for which same were offered. We find that appellant made such request; that the trial court stated he would later limit the evidence if he thought it right to do so, but we find no further request on the part of appellant for any limitation and no exception to the failure to do so. The assignments of error are overruled.

Assignments of error Nos. 3 and 4 are abandoned.

■ Assignment of error No. 5 complains that the trial court erred in not correcting issue No. 1 in keeping with the plaintiff's objections. In his objections the plaintiff asserts that the issue is not whether the chief of police had reasonable ground for arresting the plaintiff, but whether the officer unlawfully fingerprinted and photographed him. The trial court evidently took the view that, if the chief of police arrested appellant, he was within his lawful rights when he caused appellant to be fingerprinted and photographed, provided the officer had reasonable cause to believe appellant was about to engage in a criminal enterprise.

We do not intend to hold that a peace officer, in Texas, may arrest, at will, any person whom he suspects may soon commit, or is about to commit some future crime; but crime is so well organized in our land, and the prompt arrest and conviction of criminals is rendered so difficult, by reason of the present conditions with which law-abiding citizens are forced to cope, we do hold that a peace officer who has good cause to believe, and does

believe, that a person is then compounding a crime, for which the officer will be under duty to procure his arrest, may detain him, take his fingerprints, have him photographed, and otherwise identify him, for the protection of society, without being liable for damages by reason of such official acts.

In the case at bar, appellant was so detained and, after being photographed, etc., was permitted to leave.

We believe the theory of the trial court correct, and finding no error in the issue submitted, which is: "Did the defendant, Dick Morris, have reasonable grounds to believe, at the time he arrested him, that the plaintiff Owensby was about to engage in gambling during the celebration in Wichita Falls?" we overrule the assignment of error. United States v. Kelly (C. C. A.) 55 F.(2d) 67, 83 A. L. R. 122; Downs v. Swann, 111 Md. 53, 73 A. 653, 23 L. R. A. (N. S.) 739, 134 Am. St. Rep. 586; O'Brien v. State, 125 Ind. 38, 25 N. E. 137, 9 L. R. A. 323; Mabry v. Kettering, 92 Ark. 81, 122 S. W. 115; Bartletta v. McFeeley, 107 N. J. Eq. 141, 152 A. 17.

■ The sixth, seventh, and eighth assignments of error complain of the refusal upon the part of the trial court to give three issues, requested by appellant, in substance as follows: No. 1. Did Morris detain the plaintiff solely for the purpose of fingerprinting, photographing him, etc.? No. 2. Had the plaintiff violated any law at the time? And No. 3. Had the plaintiff committed any crime in the presence of the officer, at the time? Believing that the chief of police had the right to fingerprint and photograph appellant if he had reasonable cause to believe appellant was about to commit a crime, we find no error in the refusal of the issues, and the assignments of error are overruled.

■ The ninth assignment of error complains of the trial court instructing the jury to return a verdict in favor of the defendant city of Wichita Falls. Under the authority of Corpus Juris, vol. 43, pp. 945, 946, and Calwell v. City of Boone, 51 Iowa, 687, 2 N.

W. 614, 615, 33 Am. Rep. 154, and the authorities cited in the able opinion, we hold that there is no error in the trial court's action. In the Calwell Case, the complaint was that the deputy marshal, under the pretense of enforcing a city ordinance, assaulted, abused, handcuffed, and imprisoned the complainant, all without cause, and that the city of Boone had ratified the marshal's acts. The court held: "The police regulations of a city are not made and enforced in the interest of a city in its corporate capacity, but in the interest of the public. A city is not liable, therefore, for the acts of its officers in attempting to enforce such regulations." The court further held that the city could not ratify any unlawful act of its police officer, being without authority to authorize an unlawful act by the officer. Thus it appears that, even though the acts complained of by appellant were found to be unlawful, the city of Wichita Falls cannot be held liable therefor. The chief of police, Morris, was not an agent or servant of the city of Wichita Falls. His duties were of a public nature, and his appointment was made as a convenient mode of exercising a function of government, and this does not render the city liable for either his unlawful or his negligent acts. Buttrick v. City of Lowell, 1 Allen (Mass.) 172, 79 Am. Dec. 721.

The tenth assignment of error complains that the verdict of the jury is contrary to and not supported by the evidence in the case. We think the evidence supports the findings made by the jury to the issues submitted.

The eleventh assignment of error complains that the verdict of the jury and judgment of the court is contrary to and not supported by the law.

We believe the trial court properly applied the law in the charge and in rendering judgment upon the verdict of the jury in favor of the defendants.

All assignments of error are overruled, and the judgment of the trial court is in all things affirmed.