## WOODY F. CONNERS V. THE STATE.

No. 19618.   Delivered April 6, 1938.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the night of the 17th of June, 1937, the place of business of Luther Massey was burglariously entered and a Ford automobile taken therefrom. Recently after the burglary appellant was found in possession of the stolen car. The burglar removed the numbers from a Buick automobile which was also in the building. Fingerprints were taken from the Buick, and after he had been arrested officers took appellant's fingerprints. The prints upon the automobile corresponded with those of the appellant.

In bill of exception No. 1 complaint is made of the action of the trial court in permitting the State to prove that appellant's fingerprints were taken while he was under arrest. Appellant's contention that the reception of such evidence was violative of Section 10 of the Bill of Rights can not be sustained. In McGarry v. State, 200 S. W. 527, this Court said: "The proposition that there was error in permitting the State to prove that appellant, after his arrest, made fingerprints upon a paper was violative of the Bill of Rights (Section 10), providing that an accused was not to be required to give evidence against himself, is, we think, untenable. The point in principle, we think, is decided against appellant in the opinion of this Court in Pitts v. State, 60 Texas Crim. Rep. 525, 132 S. W. 801, where it was held, Judge RAMSEY writing the opinion, that evidence of footprints made under a similar circumstance was not to be rejected, and in which he reviewed various decisions to this effect, beginning with Walker v. State, 7 Texas Appeals 245, 32 Am. Rep. 595. These authorities and others will be found collated in Harris' Constitution Annotated, page 95, note 86."

Appellant timely and properly excepted to the charge of the court for its failure to submit an instruction on the law of circumstantial evidence. In declining to respond to the exception the court fell into error. Fingerprints, while admissible, are not conclusive as to the identity of an individual. They are merely circumstances. Davis v. State, 66 S. W. (2d) 343. The fact of recent possession of the stolen automobile was but a circumstance to be considered by the jury along with other circumstances in determining whether appellant was guilty of the offense of burglary. The State relied entirely upon circumstantial evidence.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.