OLAN MILLS, INC. *v.* DODD.

5-2568                                        353 S. W. 2d 22

Opinion delivered January 22, 1962.

*Robert C. Hunt,* Chattanooga, Tennessee, and *Yingling, Henry & Boyett,* for appellant.

*Lightle & Tedder,* for appellee.

Ed. F. McFaddin, Associate Justice. This is an action brought by the appellee against the appellant for damages allegedly caused when appellant published and distributed appellee's photograph without her knowledge or consent. Trial to a jury resulted in a verdict and judgment for the appellee in the amount of $2,500.00, and this appeal ensued.

The appellee, Mrs. Mary Dodd, is a housewife in Searcy, Arkansas. At one time she worked in a store with her husband, and later was associated with him in a local radio station. At all times here involved, the appellant, Olan Mills, Incorporated of Texas, was engaged in the business of photography. In 1957, Olan Mills had representatives in Searcy, and Mrs. Dodd had her picture taken for a stipulated price. She wanted the picture for her daughter; and when she received the picture the transaction was closed.

Some time in 1960, Olan Mills, without the knowledge or consent of Mrs. Dodd, caused 150,000 advertising post cards to be mailed over Arkansas and surrounding states; more than 5,000 of these cards were mailed to rural boxholders in White County, Arkansas; and each of these cards contained the picture of Mrs. Dodd. This use of her picture was a part of an advertising campaign put on by Olan Mills in order to obtain business; and, in addition to mailing the post cards, Olan Mills had enlargements of Mrs. Dodd's picture carried by its door-to-door salesmen who were soliciting orders. The cards did not mention Mrs. Dodd's name but merely carried her picture, implying an offer to make a picture of like kind and quality for anyone at an agreed price.

Mrs. Dodd first learned that her picture had been so distributed when a friend advised her. Later, she saw the card, and sued Olan Mills for damages. She testified: "I hadn't given anybody permission to use my picture. It caused me a lot of humiliation and embarrassment. I have heard remarks on the street when I was passing, people saying, 'I never thought Mrs. Dodd would permit her picture to be used for advertising,' and things like

that. I can't go out on the street—I am embarrassed. I have lost weight. I can't sleep.'' Later, one of the door-to-door salesmen for Olan Mills came to Mrs. Dodd's house and exhibited her picture to her in his solicitation campaign.

The original answer of Olan Mills stated that (a) Mrs. Dodd had given her consent to the publication of the picture; and (b) in truth and in fact, it was not a picture of Mrs. Dodd but of someone else. Later, by amended and substituted answer, it was admitted that Mrs. Dodd's picture had been used without her knowledge and consent and as the result of a mistake. Trial of the case to the jury resulted in a unanimous verdict for $2,500.00 to Mrs. Dodd. The appellant urges two points on appeal: (a) only nominal damages can be recovered; and (b) the damages awarded are excessive. We will consider these points together.

So far as we can determine, this Court has never directly passed on a case like this, although in the two cases of *Mabry* v. *Kettering,* 89 Ark. 551, 117 S. W. 746, 92 Ark. 81, 122 S. W. 115, there is *dicta* as to what is known in law as the ''right of privacy.'' While there is a dearth of case law in Arkansas on the point, there are cases, textbook writings, and law review articles elsewhere.[1] In some jurisdictions, statutes have been passed guaranteeing the right of privacy, but in most of the jurisdictions the courts have recognized the right of relief in a case like the one at bar, independent of statute. In Restatement of the Law of Torts, Section 867, this matter is discussed under the topic, ''Interference with Privacy,'' and in stating that in some instances there may

---

[1] There is a case note in 3 Ark. L. Rev. 105, entitled, "Torts—Invasion of Privacy by Publication of a Photograph"; and also there is a comment in 6 Ark. L. Rev. 459, entitled, "The Right of Privacy." See also annotations entitled "Right of Privacy," in 138 A.L.R. 22, 168 A.L.R. 446, 14 A.L.R. 2d 750. The earliest law review article seems to be in 4 Harvard Law Review 193, "The Right to Privacy," of which the late Justice Louis D. Brandeis was one of the authors. There is a later law review note in 43 Harvard Law Review 297. See also "Privacy", in 41 Am. Jur. 923; and "Right of Privacy," in 77 C.J.S. 396. See also the article, "Privacy," by Dean William L. Prosser in 48 California Law Review 383.

be recovery for the unauthorized publication of the photograph of a person who is not in public life, the Restatement uses this language:

"The rule stated in this Section gives protection to the interest which a person has in living with some privacy, but this protection is relative to the customs of the time and place and to the habits and occupation of the plaintiff. One who is not a recluse must expect the ordinary incidents of community life of which he is a part. These include comment upon his conduct, the more or less casual observation of his neighbors as to what he does upon his own land and the possibility that he may be photographed as a part of a street scene or a group of persons. Likewise if he submits himself or his work for public approval, as does a candidate for public office, a public official, an actor, an author or a stunt aviator, he must necessarily pay the price of even unwelcome publicity through reports upon his private life and photographic reproductions of himself and his family, unless these are defamatory or exceed the bounds of fair comment. One who unwillingly comes into the public eye because of his own fault, as in the case of a criminal, is subject to the same limitations upon his right to be let alone. Community custom achieves the same result with reference to one unjustly charged with crime or the subject of a striking catastrophe. Both groups of persons are the objects of legitimate public interest during a period of time after their conduct or misfortune has brought them to the public attention; until they have reverted to the lawful and unexciting life led by the great bulk of the community, they are subject to the privileges which publishers have to satisfy the curiosity of the public as to their leaders, heroes, villains and victims."

It is unnecessary to develop in greater detail the nature of the cause of action; because our opinion herein is limited to the particular facts of this case and the extent of the damages here awarded. The appellant concedes that Mrs. Dodd is entitled to recover nominal dam-

ages but claims that the verdict for $2,500.00 is excessive; and cites us to some of the Arkansas cases which hold that there can be no recovery for mental anguish in the absence of accompanying physical injury. One such case so cited is *C. R. I. & P. Ry. Co.* v. *Caple,* 207 Ark. 52, 179 S. W. 2d 151. But in that case we said:

"Where the action is wanton or willful there may be a recovery for humiliation and mental suffering without any physical injury. Such cases are *Erwin* v. *Milligan,* 188 Ark. 658, 67 S. W. 2d 592; *Rogers* v. *Williard,* 144 Ark. 587, 223 S. W. 15, 11 A. L. R. 1115; *Lyons* v. *Smith,* 176 Ark. 728, 3 S. W. 2d 982."

So we have recognized that in some instances there may be recovery for humiliation and mental suffering in the absence of any physical injury; and we hold that in an action like this one—for violation of the right of privacy—there may be such recovery, just as in cases of willful and wanton wrong. Other courts recognize there may be awarded substantial damages for violation of the right of privacy. *Hinish* v. *Meier,* 166 Or. 482, 113 Pac. 2d 438, 138 A. L. R. 1; *Fairfield* v. *American Co.,* 138 Cal. App. 2d 82, 291 Pac. 2d 194; and cases there cited.

Olan Mills admitted that it was its custom to obtain the written consent of persons whose pictures were distributed, as was Mrs. Dodd's in this case; but Olan Mills conceded that it neglected and failed to get such consent from Mrs. Dodd. Since Mrs. Dodd's picture was published and circulated without her knowledge or consent, the jury was justified in finding from the evidence that the action of Olan Mills resulted in damage to Mrs. Dodd. She testified as to her humiliation, her embarrassment, mental anguish, loss of weight from worry, and lack of sleep; and we cannot say that the verdict, while liberal, is so grossly excessive as to shock the conscience; so the judgment is affirmed under the facts of this case.

Affirmed.