865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kimberly FOSTER, Plaintiff-Appellant,
v.
LIVINGWELL MIDWEST, INC., d/b/a All State Advertising,
Defendant-Appellee.
 No. 88-5340.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS, Senior District Judge.*
 PER CURIAM:
 
 
 1
 The plaintiff, Kimberly Foster, sued defendant LivingWell alleging that LivingWell filmed her while she was exercising at their health spa in Indianapolis, Indiana,[1] where she was a member. In late 1986, Foster noticed a video team taking pictures of a number of people in the spa. Foster claims that she was not aware that she had been filmed while exercising. She was aware of a film crew's presence, but did not complain about it. She did not leave the spa until an hour after arriving in the same exercise clothing in which she had arrived.
 
 
 2
 After having moved to Kentucky, Foster noticed a one-second profile of herself doing leg lifts in a LivingWell television commercial. She saw the commercial several times, and claimed to be embarrassed by the commercial because she was dressed in old sweat pants and had not combed her hair. She was also upset because she had not given permission to the filming.
 
 
 3
 In October 1986, Foster contacted an attorney and suit was initiated in February 1987 alleging invasion of privacy and intentional infliction of emotional distress. Foster initially filed suit in Kentucky state court. LivingWell subsequently removed the case to district court based on diversity of citizenship. During discovery, Foster admitted that there is no commercial value associated with her likeness, that the only benefit the defendant may have received was that it did not pay her for her appearance in the commercial, and that she did not believe the defendant would have benefited differently had she not appeared in the commercial.[2]
 
 
 4
 Foster testified that she personally was not aware of any person making derogatory remarks about her as a result of the commercial, and that no one had ridiculed her as a result of the appearance. Foster has not had to seek any medical or psychological help, and other than suffering personal embarrassment, she has manifested no physical problems as a result of the defendant's actions. Foster conceded she left her home wearing the same clothes in which she was filmed.
 
 
 5
 LivingWell moved for summary judgment on grounds that, as a result of her deposition testimony and interrogatory answers, Foster could not make out a case for invasion of privacy or intentional infliction of emotional distress. The district court granted the defendant's motion.
 
 
 6
 After some discovery concerning the financial circumstances of the defendant, the district court denied Foster's motion to compel the defendant to disclose certain additional financial documents relating to the defendant's profits and losses for 1985-86. The trial court issued a protective order as to the remainder of the requested information on grounds that the documents were of a confidential and proprietary nature and were irrelevant. Foster appeals both the grant of summary judgment and the issuance of the protective order. We affirm.
 
 
 7
 The question for decision in a summary judgment case is whether a genuine issue of material fact exists and whether legal principles were applied correctly. In this case, Foster does not claim a factual dispute. Rather, she asserts that the trial court misapplied the law on the right of privacy in Kentucky. We conclude that the grant of summary judgment was appropriate under the circumstances.
 
 
 8
 In McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky.1981), cert. denied, 456 U.S. 975 (1982), Kentucky adopted section 652A of the Restatement (Second) of Torts, which sets forth the general principles of the invasion of privacy tort.[3] This case involves section 652A(2)(b), a claimed invasion of privacy by appropriation of another's name or likeness. This tort is further explained in section 652C of the Restatement as a situation in which "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of privacy." Comment b to section 652C indicates that the most common invasion of privacy is "the appropriation and use of the plaintiff's name or likeness to advertise the defendant's business or product, or for some similar commercial purpose." In order to impose liability under this section, "the defendant must have appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." Restatement Sec. 652C comment c. In addition, no liability attaches if the use or appropriation is "incidental":
 
 
 9
 The value of the plaintiff's name is not appropriated by mere mention of it, or by reference to it in connection with legitimate mention of his public activities; nor is the value of his likeness appropriated when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity. No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded.
 
 
 10
 Id. comment d. There are no Kentucky cases discussing directly the tort of appropriation.
 
 
 11
 We are satisfied that this experienced Kentucky federal district court judge fully considered the applicable law and what the Kentucky Supreme Court might decide in a case of this kind. It is not a case that admits of ready resolution, and other jurisdictions have reached differing conclusions in somewhat analogous circumstances. See Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977). Compare Jackson v. Playboy Enterprises, Inc., 574 F.Supp. 10 (S.D.Ohio 1983); Olan Mills, Inc. of Texas v. Dodd, 234 Ark. 495, 353 S.W.2d 22 (1962); Cabaniss v. Hipsley, 114 Ga.App. 367, 151 S.E.2d 496 (1966); Lawrence v. A.S. Abell Co., 299 Md. 697, 475 A.2d 448 (1984). The district court considered and analyzed not only McCall, 623 S.W.2d 882, but also Foster Milburn Co. v. Chinn, 134 Ky. 424, 120 S.W. 364 (1909); Brents v. Morgan, 221 Ky. 765, 299 S.W. 967 (1927); and Wheeler v. P. Sorenson Mfg. Co., 415 S.W.2d 582 (Ky.1967), in reaching its conclusion that defendant was entitled to summary judgment as a matter of law on the invasion of privacy claim. There was no indication here that defendant presented plaintiff in a "false light" or that plaintiff's name or likeness had some intrinsic or special value. The district court also deemed it, under all the circumstances, a "type of incidental use ... taken in a public setting." Certainly the filming was not in plaintiff's home or in a private setting where other persons were expected to be excluded. The plaintiff was filmed in attire that she wore on the way to and from the defendant's spa, and her friends and family knew that she was a LivingWell member.
 
 
 12
 In the absence of controlling decision on the issue at hand, federal courts exercising diversity jurisdiction must attempt to predict how the state courts will act in the future, Filley v. Kickoff Publishing Co., 454 F.2d 1288, 1291 (6th Cir.1972), and a district court's interpretation of state law is given considerable weight by the courts of appeals. Wright v. Holbrook, 794 F.2d 1152, 1155 (6th Cir.1986); Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985); Vaughn v. J.C. Penney Co., 822 F.2d 605, 608 (6th Cir.1987).... [w]e must remain sensitive to the nature and scope of our review function and will defer to the district court's interpretation of state law if that interpretation is permissible. See Wright, 794 F.2d at 1155; Martin, 767 F.2d at 299.
 
 
 13
 Home Indemnity Co. v. Shaffer, No. 87-3441, slip op. at 5-6 (6th Cir. Aug. 31, 1988) (quoting Burdo v. Ford Motor Co., 828 F.2d 380, 382-83 (6th Cir.1987)). We customarily give considerable deference to the local district judge in a diversity case as to application of state law. Agristor Leasing v. Saylor, 803 F.2d 1401, 1407 (6th Cir.1986).
 
 
 14
 Because the district court has reached a reasoned decision in this case on the claim of invasion of privacy and appropriation of likeness, taking into account Restatement of Torts principles, we will not set this decision aside as erroneous.
 
 
 15
 On the claim of intentional infliction of emotional distress,[4] Foster contends that LivingWell's use of her picture without her consent constitutes "outrageous conduct." Thus, Foster argues, she is entitled to recover for intentional infliction of emotional distress. The district court properly granted the defendant's motion for summary judgment on this issue because Foster failed to establish a prima facie case.
 
 
 16
 Kentucky has adopted the Restatement (Second) of Torts definition of the intentional infliction tort. See Craft v. Rice, 671 S.W.2d 247 (Ky.1984). Restatement section 46 states:
 
 
 17
 One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
 
 
 18
 The comments to this section state that "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty offenses, or other trivialities." Id. at comment d. Instead, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. We have recently emphasized the high threshold standard of proof the Restatement requires before a plaintiff's case will be submitted to a jury on the question of intentional infliction of emotional distress. See Coogan v. City of Wixom, 820 F.2d 170, 173-74 (6th Cir.1987) (interpreting Michigan state law, which also has adopted the Restatement test).
 
 
 19
 Under the Restatement, it "is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." Restatement Sec. 46 comment h. The district court found that LivingWell's conduct did not rise to the standard of outrageousness required by the Restatement. We find no error in this conclusion. The district court also found that the plaintiff's embarrassment on viewing herself hardly rises to the level of "severe emotional distress" contemplated by Craft. Because the district court applied the correct legal standard, we also affirm its decision on this issue.
 
 
 20
 In light of our decision on the merits, we find it unnecessary to rule on the discovery question respecting further financial information about defendant LivingWell.
 
 
 21
 For the reasons stated, we AFFIRM the judgment for defendant granted by the district court.
 
 
 
 *
 The Honorable William K. Thomas, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Foster lived in Indianapolis from 1985 until February 1986. She then moved to Kentucky, where she has resided since March 1986
 
 
 [2]
 Foster's brief asserts that others at the spa gave waivers and were paid one dollar for being similarly filmed
 
 
 [3]
 Section 652A provides:
 Sec. 652A. General Principle
 (1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
 (2) The right of privacy is invaded by
 (a) unreasonable intrusion upon the seclusion of another, as stated in Sec. 652B; or
 (b) appropriation of the other's name or likeness, as stated in Sec. 652C; or
 (c) unreasonable publicity given to the other's private life, as stated in Sec. 652D; or
 (d) publicity that unreasonably places the other in a false light before the public, as stated in Sec. 652E.
 
 
 [4]
 We address the emotional distress issue even though the appellant did not challenge the trial court's ruling in this regard