[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff claims that she has been injured by the actions of the defendant in displaying without her consent a photograph of the plaintiff's face on numerous outdoor billboards advertising welfare to work programs. The plaintiff has asserted three causes of action: (1) invasion of privacy by false light; (2) invasion of privacy by appropriation of likeness; and (3) negligent infliction of emotional distress. The defendant has moved to strike all three causes of action on the grounds that each fails to adequately state a claim.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to CT Page 1762 strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214 (1992).
In count one of the plaintiff's amended revised complaint, she asserts that the defendant invaded her privacy by placing her in a false light. Specifically, the plaintiff claims that publication of her photograph in connection with welfare to work programs falsely suggested that she was or had been associated with or supportive of welfare to work programs. The defendant has moved to strike this claim on the grounds that the plaintiff has not alleged that the defendant knew the published material was false or acted in reckless disregard as to the falsity of the published material.
Connecticut recognizes a tort cause of action for the invasion of privacy. Goodrich v. Waterbury Republican-American,188 Conn. 107 (1982). "In recognizing this cause of action, the Supreme Court adopted the definition and categories of invasion of privacy as set forth in 3 Restatement (Second), Torts 652A: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that places the other in a false light before the public." (Citations omitted.) Jonap v. Silver, 1 Conn. App. 550, 557
(1984).
"In order to establish invasion of privacy by false light, the plaintiff must show (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." (Internal quotation marks omitted.) Id., 558. Citing 3 Restatement (Second), Torts 652E; and Goodrichv. Waterbury Republican American. Inc., supra.[1]
The plaintiff's complaint with respect to the false light privacy claim merely alleges that the plaintiff "at no time" consented to the use of her likeness on the billboards. The plaintiff argues that a reasonable inference can be drawn from this allegation that the defendant failed to contact the plaintiff to determine whether the published material was accurate. The plaintiff asserts that such a failure amounts to a CT Page 1763 "reckless disregard" of the falsity of the published material.
The standard governing the tort of false light invasion of privacy is similar to the standard governing the tort of defamation concerning a public official or public figure: that the publisher of the false statement knew that the statement was false or acted in reckless disregard of the falsity of the statement. See 3 Restatement (Second), Torts § 580A. InWoodcock v. Journal Publishing Co., 230 Conn. 525 (1994), the Connecticut Supreme Court held in a defamation case that an insufficient attempt to determine the truth prior to publishing was not dispositive of liability. Id., 545. The court cited approvingly the determination of the United States Supreme Court that a finding of reckless disregard required "sufficient evident to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." Id., citingSt. Amant v. Thompson, 390 U.S. 727, 731 (1968). See also Brownv. K. N. D. Corporation, 7 Conn. App. 418 (1986) and 3 Restatement (Second), Torts § 580A, comment d, ("Reckless disregard is said to exist, however, when there is a high degree of awareness of probable falseness of the statement, or there are serious doubts as to its truth." (Internal quotation marks omitted.)
The plaintiff in this case has not alleged any facts that show that the defendant knew that the published material concerning the defendant was false or that it published the material with reckless disregard for its falsity. There is no factual allegation that the defendant entertained any serious doubts as to the truth of the publication or had any reason to believe that the material was false in any respect. The defendant's failure to contact the plaintiff or to determine whether she authorized the use of her photograph may constitute negligence, but it is insufficient to show a reckless disregard for the falsity of the material. Therefore, the defendant's motion to strike count one of the plaintiff's complaint is hereby granted.
In count two of her amended revised complaint, the plaintiff asserts that the defendant invaded her privacy by appropriating her likeness through the unauthorized use of her photograph on the outdoor billboards advertising welfare to work programs. The defendant has moved to strike this count on the grounds that the plaintiff falls to allege "that the defendant appropriated for its own use the reputation, prestige, social or commercial standing, public interest or other value of her likeness." CT Page 1764
The defendant claims that the use of the photograph of the plaintiff's face without more is insufficient to constitute the tort of invasion of privacy by appropriating her likeness. The defendant cites portions of section 652C of the Restatement that it asserts support the proposition that appropriation of a person's name or likeness without the accompanying appropriation of the person's reputation, prestige or other value is not an invasion of that person's privacy. The defendant in effect argues that a business entity may use the likeness of a average citizen, who lacks fame or notoriety, for commercial purposes because there is no reputation or prestige to appropriate. This notion is a misreading of the Restatement and it is not the prevailing view of the law.
The Restatement provides that "one who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy." 3 Restatement (Second), Torts § 652C. The Restatement furnishes clarification for this principle in its comment section and supplies examples in its illustrations section. The Restatement explains that "the interest protected by the rule stated in this Section is the interest of the individual in the exclusive use of his own identity, in so far as it is represented by his name or likeness, and in so far as the use may be of benefit to him or to others." 3 Restatement (Second), Torts § 652C, comment a. The Restatement then gives six examples of the appropriation of a person's name or likeness that constitute an invasion of privacy. Four of these examples involve persons who are ordinary citizens. Notwithstanding the fact that each of these persons lacked fame, notoriety or an acknowledged reputation, the Restatement found the appropriation of their name or identity to be an invasion of privacy. 3 Restatement (Second), Torts § 652C, illustrations 3 through 6.
The language quoted by the defendant is from the section in the Restatement dealing with the adoption of a name that happens to be the same as another person, but not the use of that person's identity, see 3 Restatement (Second), Torts § 652C, comment c, and the section of the Restatement concerning the incidental use of the name or likeness of a person, such as the public mention of the person or his activities, see 3 Restatement (Second), Torts § 652C, comment d. These situations are not deemed to constitute an invasion of privacy by the Restatement. These situations are also not this case. In this case, the CT Page 1765 plaintiff claims her likeness was used without her consent for commercial purposes. The Restatement deems such an expropriation to be the prime example of an invasion of privacy. 3 Restatement (Second), Torts § 652C, comment b. This view also finds support in the case law. See Pasevich v. New England Life Ins.Co., 122 Ga. 190, 150 S.E. 68 (1905); Eick v. Perk Dog Food Co.,347 Ill. App. 293, 106 N.E.2d 142 (1952); and Olan Mills, Inc. ofTexas v. Dodd, 234 Ark. 495, 353 S.W.2d 22 (1962). Accordingly, the defendant's request to strike count two of the plaintiff's complaint is denied.
In count three of her amended revised complaint, the plaintiff asserts a cause of action for the negligent infliction of emotional distress. The defendant has moved to strike this count on the grounds that the plaintiff fails to allege that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.
Both parties agree as to nature of the elements of the cause of action for negligent infliction of emotional distress that must be plead by the plaintiff. "[T]he plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v.United Technologies Corporation, 243 Conn. 66, 88 (1997).
The parties disagree on whether the allegations of count three of the plaintiff's amended revised complaint meet this burden. Count three of the complaint alleges that a photograph of the plaintiff's face appeared prominently without her consent on outdoor billboards advertising welfare to work programs and that these outdoor billboards were produced or maintained by the defendant. The plaintiff further alleges that the published materials erroneously suggested that she either was a recipient of public welfare or was associated with or supportive of public welfare programs. The plaintiff claims that the defendant knew or reasonably should have known that the plaintiff had neither consented to nor authorized the use of her photograph and that she suffered emotional distress as a result of the unauthorized use of her picture.
The defendant claims that count three should be stricken CT Page 1766 because the plaintiff has not used the talismanic phrase that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Practice Book § 10-1, however, simply requires a plaintiff to plead the facts constituting his or her cause of action. Legal conclusions are irrelevant to the issue of whether a complaint fails to state a claim upon which relief can be granted. Mingachos v. CBS, Inc., 196 Conn. 91 (1985). "[W]hat is necessarily implied in an allegation need not be expressly alleged." Pamela B. v. Ment, 244 Conn. 296, 308 (1998) "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997).
The allegations of the plaintiff's complaint, if proved, would constitute a viable cause of action for the negligent infliction of emotional distress. The facts alleged and necessarily implied would support a determination that the defendant should have realized that its actions involved an unreasonable risk of causing the plaintiff emotional distress and that distress might result in illness or bodily harm. Therefore, the defendant's motion to strike count three of the plaintiff's amended revised complaint is hereby denied.
BY THE COURT Judge Jon M. Alander